## Von Phul v. Hammer, *et ux.*

**Constitutional law:** SPECIAL LAWS: AMENDMENT OF CITY CHARTERS. Section 1141 of the Revision, providing for the amendment, by any town or city, of its charter or act of incorporation, is not in conflict with article 3, section 30 of the state constitution, prohibiting the legislature from passing local or special laws for the incorporation of towns and cities.

*Appeal from Jasper Circuit Court.*

MONDAY, JULY 25.

ACTION to foreclose a mortgage upon a lot in the town of Newton, given to secure the payment of a part of the purchase price. Defence, that there was an incumbrance on the lot at the time plaintiff conveyed the same to defendant by deed containing covenants against incumbrances; and that there was an incumbrance of ninety-five dollars for a sidewalk tax, which the defendant had paid to the town of Newton. Trial to the court on agreed statement of facts, and judgment of foreclosure for the amount claimed, less the sidewalk tax. The plaintiff appeals.

*Clark & Ryan* for the appellant.

*Winslow & Wilson* for the appellee.

COLE, Ch. J.—The town of Newton was incorporated by act of the sixth general assembly, approved January 26, 1857. See laws of 1857, p. 143. Afterward the new constitution was adopted, and took effect August 15, 1857 : and by article 3, section 30 thereof, the general assembly is prohibited from passing local or special laws for the incorporation of cities and towns. By a general law for the incorporation of cities and towns,

which took effect July 4, 1858 (Rev. ch. 51), it was provided that "the charter or act of incorporation of any city or town in this state may be amended in the manner" therein provided. Rev. § 1141.

By its original charter, the town of Newton was not authorized to build sidewalks and tax the cost thereof to the abutting lots. But by the amendment of its charter, which was made pursuant to Revision, section 1141, etc., in 1865, it was so authorized. And the main question in this case is, whether the legislature, under the limitation of article 3, section 30 of the new constitution, could authorize cities and towns to amend their acts of incorporation.

It has been held by this court in *Ex parte Pritz*, 9 Iowa, 30, that the legislature does not possess the power to amend a city or town charter, and that an act of the legislature amending a city charter was void, because it was in conflict with article 3, section 30 of the new constitution aforesaid. And it is now argued by appellant's counsel, that since a stream cannot rise higher than its source, it must be true that the legislature cannot confer upon cities and towns the power to amend their charters, for the legislature itself does not possess the power. The difficulty with, or fault of, this argument is, that it fails to discriminate between the power and the manner of its exercise. The legislature does possess the power to amend the charters, but it can only exercise it by the enactment of general laws equally applicable to all cities. *Town of McGregor* v. *Baylies*, 19 Iowa, 43. The general assembly has exercised its power of amendment in the enactment of the section in question (Rev. § 1141), as a general law.

It is quite true, however, that by the enactment of that section, which is a general law of uniform operation, there may result a consequence, to wit, a want of uniform-

ity of city charters, which was one of the evils that the particular clause of the constitution under consideration was designed to remedy. But the clause itself is not, nor can it by any fair construction be made to be, so far-reaching as to prevent such consequences. For instance, under the general incorporation law for cities and towns, of which section 1141 is part, the same power of taxation and of improving and paving streets and sidewalks is given alike to all cities of the same class. But it is quite probable that no two cities in the state exercise the power in precisely the same manner. Each provides by its own ordinances the manner in which it will exercise the power. And surely it cannot be claimed that all such laws and ordinances are void, under article 3, section 30, for want of uniformity. Many other illustrations might be given, but they are unnecessary. In our opinion Revision, section 1141, etc., is constitutional, and the town of Newton might rightfully amend its charter.

There are no records of the proceedings of the town council of Newton earlier than 1868 to be found; but the agreed statement of facts contains such admissions of the amendment of the charter and the acts of the council as to obviate all the objections made to the sufficiency of the amendment and official proceedings which led to the levy of the sidewalk tax in question.

Affirmed.