MARY KENYON, Appellant, v. THE CITY OF CEDAR RAPIDS.

**Personal injury:** SPECIAL CHARTER CITIES: ACTIONS: STATUTES. Code, sections 1050 and 1051, relating to actions against cities under special charters, when construed together, are not inconsistent, and a suit for injuries, resulting from a defective sidewalk, cannot be commenced within thirty days from the date of service of notice of the claim, as required by section 1050.

124  195
126  317

124  195
127  379

124  195
d130 718

124  195
133   67

124  195
144  263

*Appeal from Linn District Court.*— HON. H. M. REMLEY, Judge.

WEDNESDAY, MAY 11, 1904.

ACTION to recover damages for personal injuries sustained by reason of a fall on a defective sidewalk. A demurrer to the petition on the ground that the action was brought within 30 days after giving notice to the city (Code, section 1050) was sustained, and judgment was rendered for the defendant, from which the plaintiff appeals.— *Affirmed.*

*W. E. Steele* and *Grimm, Trewin & Moffit,* for appellant.

*John N. Hughes,* for appellee.

McCLAIN, J.— The question presented involves the construction of two sections of a chapter in the Code relating to cities under special charters, which reads as follows:

Section 1050. No suit shall be brought against any such city for an unliquidated claim or demand unless within three months from the time the same became due or cause of action accrued thereon, nor unless a written, verified statement of the general nature, cause and amount of same is filed with the clerk or recorder thirty days before the commencement of such suit.

Section 1051. In all cases of personal injury or damage to property resulting from defective streets or sidewalks, or from any cause originating in the neglect or failure of any municipal corporation or its officers to perform their duties, no suit shall be brought against any such city after three months from the time of the injury or damage, and not then unless a written verified statement of the amount, nature and cause of such injury or damage, and the time when and the place where such injury occurred, and the particular defect or negligence of the city or its officers which it is claimed caused or contributed to the injury or damage, shall be presented to the council or filed with the clerk within thirty days after said alleged injury or damage was sustained.

Both of these sections limit the commencement, of the action to three months from the time when the claim becomes due. But in the first it is required that notice be given thirty days before the commencement of suit, while the second provides that notice of the claim be given within thirty days after the claim accrued. No doubt the purpose of the first of these sections was to secure to the corporation time for investigating and allowing the claim before the expense of a suit should be imposed upon it, while the object of the second was to enable the corporation to investigate the facts attending the alleged injury while they are still fresh. The first is somewhat analogous to the provision regarding claims against a county which has long been in force (see Code, section 3528), although, so far as we can discover, there is no similar provision applicable to cities not under special charters. The second is analogous to a provision now incorporated in the chapter relating to limitation of actions (Code, section 3447, paragraph 1), which applies to counties and municipal corporations, and was first enacted by the 22nd General Assembly, chapter 25. This special provision was no doubt repeated in the chapter relating to special charter cities on the theory that none of the general laws of the State are applicable to them without special provision to that effect. It is the contention for appellant that section 1051 relates specifically to actions for personal injuries received from defective streets or sidewalks, and that its provisions should control, and be construed as excluding, as to such cases, the provisions of Code, section 1050, which are more general in their nature, and apply to all cases of unliquidated claims or damages; while it is contended for the appellee that there is no irreconcilable conflict between the two sections, and that they should therefore be construed together, and each given full force and effect in accordance with the language employed.

The rules of interpretation invoked on each side are so fully recognized and established as canons of statutory

construction that it is unnecessary to cite the authorities relied upon. If the two sections are substantially and necessarily in conflict in their application to this case, then we should apply to it the specific provision of section 1051, and should hold that the action was not prematurely brought; for, if we are to look only to the provisions of that section, then the action might be commenced at once after giving the notice provided for. If, on the other hand, the sections are not irreconcilable in their provisions as applicable to this case, then it was not only necessary that the notice to the city be given within thirty days after the injury was received, but also that the commencement of the action be postponed until the expiration of thirty days from the time the notice was given. There is much force in the argument for appellant that when she or her legal advisers discovered the provisions of section 1051, and found that they related specifically to such a claim as hers, there was no occasion to look further in order to ascertain whether there might not be some other section of the Code also applicable, and containing restrictions on the right to sue. But it would be unwise and unsafe for us to announce or sanction any such proposition. The whole Code is to be construed as one body of law, and each part is to be taken in connection with other parts bearing on the same subject; and especially is it true that the different sections of the same chapter of the Code are to be borne in mind in construing the provisions of each. There is no necessary conflict between the two sections. As a claim for unliquidated damages, plaintiff was required to make her demand for payment thirty days before suing; as a claim for personal injuries occasioned by defective sidewalk, she was required to make her demand and state the circumstances of her injury within thirty days after the injury was received. The notice which she was required to give did not affect the period of limitation for bringing the action. She could have complied with the requirements of each section, and still have brought her action within the limitation period.

We reach the conclusion that it was her duty to do so, and that she ought to have postponed the commencement of her action until the expiration of thirty days after giving notice of her claim.

The ruling of the trial court was correct, and is AFFIRMED.