W. N. MERRITT, Administrator, Appellee, v. T. K. PETERSON et al., Appellants.

No. 39228.

JANUARY 8, 1929.

REHEARING DENIED JUNE 24, 1929.

*Seth Thomas* and *John M. Schaupp*, for appellants.

*Robert Healy*, for appellee.

KINDIG, J.—Susan Chantland, who was a resident of Badger, in Webster County, died testate, February 25, 1922. Defendant and appellant T. K. Peterson was named executor in the testamentary document. Accordingly, on June 6, 1922, he was appointed as such, and became duly qualified. Two sureties signed his bond. They were the defendants and appellants O. C. Knudson and L. E. Larson.

Peterson, the executor, was a resident of Badger, and a stockholder, director, and managing officer in the Badger Savings Bank. The testatrix, at the time of her death, owned a certificate of deposit issued by said bank in the par value of $6,000, payable in 12 months, with interest at the rate of 5 per cent per annum. To more than offset this certificate, however, was a note payable to the Badger Savings Bank, signed by the testatrix and her daughter, Judith Sheldon. This note was dated December 20, 1921, became due 6 months thereafter, and was for the principal sum of $10,600, drawing interest at the rate of 8 per cent per annum.

On February 9, 1923, the Badger Savings Bank filed a claim against the estate for the amount of, and based upon, the note. That demand was signed for the bank by appellant, as its cashier. So, on February 13th, Wilhelmine D. Soppeland was appointed special administratrix, and filed objections to the claim. Her attack upon this alleged indebtedness included the defense that it was barred by the statute of limitations, both general and special, and that there were no equitable considerations which would toll the running thereof; and in addition thereto, she asserted that the pretended signature of the testatrix to the note was a forgery. When passing upon the issues, however, August 31, 1926, the court did not sustain the plea of forgery, but did confirm the contention of the special administratrix with reference to the statute of limitations, in the following phraseology:

"The court further finds and determines that said claim of

the Badger Savings Bank is barred by the statute of limitations, and that no equitable ground exists to lift said statute of limitations or to relieve said claimant from the rule of said statute of limitations.''

During this time, there was written upon the note before described a memorandum, under date of August 30, 1926, to this effect:

''By credit on within by offsetting deposit of Susan Chantland. Total credit $6,000 as of date July 31, 1922. Balance due on within $5,118.22 with interest at eight per cent from July 31, 1922.''

It appears that this was done by a bank official, at the suggestion of the state bank examiner, or a representative of his office.

Succeeding these events was the appellant T. K. Peterson's resignation as executor, and the appointment, in January, 1927, of the plaintiff and appellee, W. N. Merritt, as administrator *de bonis non*, with the will annexed. Shortly thereafter, appellant Peterson filed his final report, which was approved, and the former executor discharged.

Closely following this, appellee, as the new administrator, on January 26, 1927, made a demand upon the Badger Savings Bank for the payment of the certificate of deposit aforesaid. Settlement was refused by the institution, and then appellee asked appellant for the proceeds of that certificate. Upon his refusal to make compensation therefor, this suit was brought; and, as before suggested, it resulted in a directed verdict in appellee's favor. Hence the appeal.

Is there a ground for reversal? Such is the question.

I. Appellee's theory is based primarily upon the ground that there can be no application of the certificate of deposit on the note, for the reason that the court previously held the bank's claim was barred by the statute of limitations. With this proposition, however, we are constrained to disagree. It is true that, because of the former adjudication, the note belonging to the bank could not be affirmatively asserted against the estate. No part of the assets in the hands of the executor or the administrator *de bonis non*, with the will annexed, could be used, in this

event, to pay independently any part of that obligation. But that does not mean that there could not be an application of the certificate on the note, in order to satisfy *pro tanto* the latter financial liability. Section 11019 of the 1924 Code provides:

"A counterclaim may be pleaded as a defense to any cause of action, notwithstanding it is barred by the provisions of this chapter, if it was the property of the party pleading it at the time it became barred, and was not barred at the time the claim sued on originated; but no judgment thereon, except for costs, can be rendered in favor of the party so pleading it."

Furthermore, when the certificate matured, the note was also due. Consequently, the bank had a right to make application of the certificate on the indebtedness due under the note. *Ware v. Howley,* 68 Iowa 633; *Knapp & Co. v. Cowell,* 77 Iowa 528; *Wikel v. Garrison,* 82 Iowa 453; *Smith v. Sanborn State Bank,* 147 Iowa 640; *Secor v. Siver,* 165 Iowa 673; *Porter Auto Co. v. First Nat. Bank,* 185 Iowa 844; *Wilson v. Bulletin Publishing Co.,* 192 Iowa 860; *Cable v. Iowa State Sav. Bank,* 197 Iowa 393. *Knapp & Co. v. Cowell,* supra, appropriately says:

"It was wholly immaterial whether there was an express request or direction to so apply the money. It is true the plaintiffs, by their petition, averred a request, and the court, in the instructions, followed the petition. But a party is not required to prove the unnecessary averments of a pleading. * * * If the defendant was indebted to the plaintiffs on the note, and plaintiffs applied one debt in liquidation of the other, the defendant has no right to complain, and repudiate the application of the money because he did not request it. There is nothing mysterious about a bank account."

*Ware v. Howley,* consistently states:

"According to the facts above set forth, the decedent, in his lifetime, held the note against the defendants, and the defendants held the duebill against him. * * * The fact that one of the parties has died, and his claim is presented by an administrator, should make no difference in the rights of the other. * * * The real indebtedness remains the same. It is the difference between the amounts of the respective obligations or debts from one to the

other. But the counsel for plaintiff claims that the defendants have lost their right to assert their claim as a defense, so far as necessary to offset the claim of the plaintiff, because they did not file and prove it as a claim against the estate within one year after notice of administration was given. * * * The point would be well taken if the defendants were asserting their duebill as an independent claim against the estate, and demanding judgment. * * * the defendants did not ask that the balance due on their duebill be established as a claim against the estate. They demanded that it be set off against the note in an amount equal to the amount due on the note. * * * In our opinion, the defendants were not precluded from setting up the counterclaim by reason of the statute of limitations.''

*Secor v. Siver,* supra, continues:

''Again, even if the counterclaim be barred, or, by reason of the circumstances, could not have been allowed by the administrator, or been made the basis of an independent suit, it may, to the amount thereof, be used as an offset against plaintiff's claim.''

Said certificate could not be collected from the bank by appellant as executor until it matured. When it did become due, the note held by the Badger Savings Bank was also matured. Therefore, the certificate in the hands of appellant as executor was not an absolute and unqualified demand against the Badger Savings Bank to pay that trust officer the principal and interest there represented without offset or the application thereof to an obligation held by the bank against the estate. In other words, the certificate was subject to application on the note. Thus, when in the hands of appellant, as executor, it at all times was burdened with the legal right of counterbalancing above explained. Collection, therefore, could not be made by appellant as such executor, for the reason that the Badger Savings Bank possessed the power to, and did, make offset thereto and application thereof in the manner and way before described.

Resultantly, appellant did not convert the certificate nor its proceeds. His failure to collect was not due to neglect or malfeasance. Wherefore, it clearly appears that appellee was not entitled to the directed verdict.

II. Other questions are argued; but, in view of the disposition that has already been made of the case, it is not necessary to discuss those controversies.

We do not here decide that it was proper in the first instance for the district court to appoint appellant executor of this estate, when the bank in which he was actively interested was a debtor, as well as a creditor thereof. Nor do we determine whether or not appellant's relationship to that financial institution was sufficient to cause his removal after he qualified as such trust officer.

For the reasons set forth in the previous discussion, appellant is entitled to a new trial, and the judgment of the district court should be, and hereby is, reversed.—*Reversed.*

ALBERT, C. J., and EVANS, STEVENS, and WAGNER, JJ., concur.