Ruby Ellen Elledge, appellee, v. City of Des Moines, appellant.

No. 52154.

JULY 14, 1966.

Philip T. Riley, Anthony T. Renda, John F. McKinney, Jr., Gary H. Swanson and Leo E. Gross, all of Des Moines, for appellant.

Don C. Swanson, of Des Moines, for appellee.

RAWLINGS, J.—Plaintiff brought an action against defendant-city for damages resulting from flooding of the basement of her home caused by the claimed obstruction of a storm sewer. We shall confine ourselves accordingly.

By her petition she alleged ownership of certain improved realty in Des Moines occupied by her as a home, and damage to it resulting from defendant's negligence in the following respects: Use of a depressed manhole; failure to maintain and clean the manhole and intakes; failure to so maintain the sewer as to prevent breakage and escape of water; failure to provide sufficient storm sewer intakes; and in diverting water from its natural course onto plaintiff's property. She alleged defendant's negligence was the proximate cause of flood damage to her real estate and personal property, freedom from contributory negligence on her part, and asked judgment in the sum of $7000.

Defendant admitted plaintiff's ownership of the subject property, its existence as a municipal corporation and construc-

tion of a storm sewer in the area here concerned, but denied all other claims made by plaintiff. In addition defendant asserted the affirmative defense of governmental immunity.

Trial was to the court which denied defendant's claim of immunity, found the city had been negligent in failing to properly maintain its sewer system, and awarded plaintiff $5000.

Defendant appealed assigning errors by the court in, (1) finding plaintiff had sustained her burden of proof, and (2) holding the defense of governmental immunity did not apply.

I.   The trial court's findings of fact are binding on us if supported by substantial evidence. Rule 344(f)(1), Rules of Civil Procedure, and McCune v. Muenich, 255 Iowa 755, 757, 124 N.W.2d 130.

II.   A direct conflict exists as to liability of a municipality for defective plans and installation or construction of sewers and drains. Some authorities hold it to be a governmental, others a proprietary function. 63 C. J. S., Municipal Corporations, section 876(a)(b), pages 256–259; 38 Am. Jur., Municipal Corporations, section 633, page 334; Rhyne, Municipal Law, section 30-23, page 771; and annotations, 61 A. L. R.2d 876, 59 A. L. R.2d 288.

We stand with those authorities which hold a municipality in adoption of plans for and in the construction or installation of drains and sewers, acts in a quasi-judicial or legislative capacity, and at that stage ordinarily enjoys the benefits of governmental immunity. Walker v. City of Cedar Rapids, 251 Iowa 1032, 1039, 103 N.W.2d 727, and The Knostman & Peterson Furniture Co. v. City of Davenport, 99 Iowa 589, 593, 68 N.W. 887.

III.   But plaintiff's claim is not predicated upon any theory of fault in engineering or installation. She contends defendant-city, after construction, forgot or abandoned the storm sewer in the area of her home, as a result of which it became so blocked or obstructed as to cause an accumulation of excess water in the street which overflowed the curb onto her property causing the subject damage.

In this respect the evidence discloses plaintiff bought her home in 1960 and experienced no flood problems until August 5,

1963, when she observed water flowing from the street, across her yard, and into her basement.

There were two sewer intakes on the street right-of-way immediately in front of plaintiff's home. Nearby was a manhole which had been buried a number of years, forgotten by the city, and neither opened, cleaned out nor repaired until after the damage to plaintiff's property.

Immediately following the subject flooding city crews worked at least four or five hours and removed several loads of accumulated dirt and debris from the intakes, then later built up the manhole from 12 to 18 inches, bringing it to the level of the surface line.

Plaintiff's property was about a foot below street grade but there was a 12-inch retaining wall along the south or front lot line.

There was no indication of excessive rainfall at the time here concerned.

IV. We focus now on applicability of the governmental immunity concept relative to municipal operations, maintenance and repair of storm sewers.

If governmental in nature the rule of immunity applies, but if proprietary there may be liability in tort.

Cities and towns are not required to provide sewers and drains. Section 368.26 and chapter 417, Code, 1962, and Rhyne, Municipal Law, section 30-23, pages 769, 770.

But when a storm sewer is installed by a city or town, it becomes the property of the municipality. Its care, maintenance and continuance devolves wholly upon the city. No one can interfere with it. The primary purpose of the system is to provide surface drainage, any connection with sanitary undertakings of the city being only incidental. Dilley v. City of Houston, 148 Tex. 191, 222 S.W.2d 992, 993, and 38 Am. Jur., Municipal Corporations, sections 638 and 639, pages 343-345.

In 11 McQuillin, Municipal Corporations, Third Ed. Revised, section 31.33, page 260, we find the following authoritative statement: "While as stated a grant of power to a municipal corporation to construct sewers and drains does not require it to do so, yet if it does exercise the power conferred, it is bound to use ordinary care or exercise due diligence to keep such sewers

and drains as it constructs in proper condition and repair and free from obstructions, and will be held liable for damages to property resulting from its failure to do so, * * *." See also Florey v. City of Burlington, 247 Iowa 316, 319–322, 73 N.W.2d 770, and Powers v. City of Council Bluffs, 50 Iowa 197, 201.

It is to us apparent the duty of a city to keep its storm sewers clear and free of obstructions is a ministerial or proprietary function. This is in accord with the apparent greater weight of authority. Johnston v. District of Columbia, 118 U. S. 19, 6 S. Ct. 923, 924, 30 L. Ed. 75; Sigurdson v. City of Seattle, 48 Wash.2d 155, 292 P.2d 214, 217; Doud v. City of Cincinnati, 152 Ohio St. 132, 87 N.E.2d 243, 246; Pettinger v. Village of Winnebago, 239 Minn. 156, 58 N.W.2d 325, 329; Young v. City of Scribner, 171 Neb. 544, 106 N.W.2d 864, 867; 63 C. J. S., Municipal Corporations, section 876(c), page 259; 38 Am. Jur., Municipal Corporations, sections 635 and 636, pages 338–342; Rhyne, Municipal Law, section 30-23, page 769; and annotations, 60 A. L. R.2d 1203, 59 A. L. R.2d 290. See also 11 Drake Law Review 90. See also Woods v. Incorporated Town of State Centre, 249 Iowa 38, 44, 85 N.W.2d 519.

We conclude the trial court was correct in finding defendant-city was not entitled to any protection afforded by the doctrine of governmental immunity.

V. Defendant also asserts the trial court erroneously found plaintiff was free from contributory negligence. We cannot agree with this contention.

Here defendant apparently refers to the below street grade level of plaintiff's property. The land on which her home was located was what is commonly referred to as a fill. It had not been brought entirely to street grade, but a 12-inch retaining wall had been erected along the lot line fronting on the street from which the floodwaters came.

This serves to make the case now before us factually comparable to that presented in Woods v. Incorporated Town of State. Centre, 249 Iowa 38, 47, 85 N.W.2d 519, where we held it is not necessary that a property owner in an urban community fill his entire lot to grade in order to prevent surplus water from emptying upon his land.

In the case of Monarch Mfg. Co. v. Omaha, C. B. & S. Ry. Co., 127 Iowa 511, 514, 103 N.W. 493, this court said: "But to improve the lot in conformity to the grade does not require that the entire surface be raised to the same level as the street. It may better serve the purposes of the owner if portions, such as the basement, are below grade. *To conform to the grade means no more than that the premises shall be so improved as to avoid any injuries incident to the grading of the street, and if, notwithstanding such improvement, they are injured through the negligence of the city or someone acting in its stead, there is no tenable ground upon which denial of recovery may be based."* (Emphasis supplied.)

Here the trial court found, in effect if not in fact, the lower level of plaintiff's lot was not a contributing cause of the flooding. Stated otherwise, the damage would have resulted due to negligence on the part of defendant-city even if plaintiff's entire lot had been brought to street grade, or in the case at hand level with the top of the retaining wall.

A property owner is not required to build a dike around his land as a condition to recovery of damages due to flooding caused solely by the negligence of a municipality. In this connection see Monarch Mfg. Co. v. Omaha, C. B. & S. Ry. Co., and Powers v. City of Council Bluffs, both supra.

On the other hand if water normally accumulates in a street, then flows onto adjoining property merely by reason of its being below grade, no actionable cause results. Woods v. Incorporated Town of State Centre, 249 Iowa 38, 45, 85 N.W.2d 519, and The Knostman & Peterson Furniture Co. v. City of Davenport, 99 Iowa 589, 599, 68 N.W. 887.

The same would be true as to an overflow of water due to the temporary obstruction of a drain, or to extraordinary rains or floods. Cattin v. City of Omaha, 149 Neb. 434, 31 N.W.2d 300, 306; 63 C. J. S., Municipal Corporations, section 879(b), page 266; and Rhyne, Municipal Law, section 30-23, page 771.

But the situation is otherwise where, as here, an unusual amount of water from a normal rainfall accumulates in a street and is thrust upon the land of an adjoining property owner as a direct result of tortious failure on the part of a municipality to properly maintain and clean a storm sewer.

In any event this was an issue determinable by the trial court sitting as a trier of the facts and we see no reason to disagree with the findings made.

VI. Defendant contends the trial court erred in that the city had neither actual nor constructive notice of any claimed obstruction in the subject sewer. Absent a showing of actual knowledge, the problem presented is whether defendant-city had constructive notice of the obstruction prior to the flooding of plaintiff's property.

The evidence in this case discloses a storm sewer in the area of plaintiff's home was installed sometime prior to 1943. Her home was built in 1949, and until 1963 no known flood problem had ever there been encountered.

The manhole in front of plaintiff's property had been deeply buried and either abandoned or forgotten by the city until after the flooding incident August 5, 1963, when it was built to grade.

In fact the evidence fails to disclose defendant-city had ever inspected or cleaned the storm sewer here concerned after its construction, but does reveal the removal of a considerable amount of debris subsequent to the flooding of plaintiff's property, with later periodic inspections by defendant municipality.

Furthermore, the evidence discloses no flooding occurred after defendant-city had removed the obstruction.

Admittedly a municipality is not liable for damages resulting from a dangerous condition which arises in connection with the operation of a storm sewer system until and unless it has actual or constructive notice of the defect or obstruction and an opportunity to correct it.

But as stated in 38 Am. Jur., Municipal Corporations, section 636, page 341: "The duty of maintaining sewers and drains in good repair includes the obligation to keep them free of obstruction, and a municipality is liable for negligence in its exercise to any person injured by such negligence, whether the damages result from its failure to use reasonable diligence to keep its sewers and drains from becoming clogged—as where the municipal corporation fails in its duty to exercise a reasonable degree of watchfulness to ascertain the condition of sewers and drains from time to time so as to prevent them from becoming

obstructed—from its failure to remove an obstruction from a sewer or drain within a reasonable time after actual or constructive notice thereof, * * *."

See also Doud v. City of Cincinnati, 152 Ohio St. 132, 87 N.E.2d 243; 39 Am. Jur., Notice and Notices, section 7, page 236; 63 C. J. S., Municipal Corporations, section 876(c), page 259; and Rhyne, Municipal Law, section 30-23, pages 771, 772.

And where, as in the case now before us, the condition found to have caused the flooding and consequent damage existed over an extended period of time, in fact for years, with no apparent attempt to remove the offending obstruction, then the constructive notice rule applies. Alber v. City of Dubuque, 251 Iowa 354, 361, 362, 101 N.W.2d 185, 81 A. L. R.2d 699; Ahern v. City of Des Moines, 234 Iowa 113, 121, 12 N.W.2d 296; and Tillotson v. City of Davenport, 232 Iowa 44, 49, 4 N.W.2d 365.

The trial court found defendant-city had constructive notice of the obstruction for an adequate and sufficient length of time to have afforded it a reasonable opportunity to correct the condition, and this it failed to do. We agree. See Pettinger v. Village of Winnebago, 239 Minn. 156, 58 N.W.2d 325.

VII. Finally it is claimed by defendant the plaintiff failed to prove any one of the alleged specific acts of negligence.

There was ample evidence disclosing a manhole in front of plaintiff's property was buried, forgotten or abandoned, and that defendant-city failed to properly maintain and clean out these intakes so surface waters would drain properly into the connecting storm sewer.

The evidence also affirmatively discloses that following the flooding incident here concerned the city removed loads of debris from the intakes and no overflow of water was thereafter experienced.

The trial court found there was ample evidence supporting these allegations of negligence, and such was the proximate cause of the flooding. We find no basis upon which to disturb those findings.

VIII. It is to us apparent the trial court had good and sufficient cause to conclude plaintiff was damaged as the proximate result of negligence on the part of defendant municipality, there

was no contributory negligence barring plaintiff's right to recovery, and defendant-city was not entitled to any protection afforded by the governmental immunity doctrine.—Affirmed.

All JUSTICES concur.