Mary Joann LEMON, Appellee,

v.

CITY OF MUSCATINE, Iowa, Appellant.

No. 61624.

Supreme Court of Iowa.

Dec. 20, 1978.

McDonald, McDonald & Stonebraker, Davenport, for appellant.

Klockau, McCarthy, Lousberg, Ellison & Rinden, Rock Island, Ill., for appellee.

Considered by REES, P. J., and UHLEN-HOPP, HARRIS, McGIVERIN, and LARSON, JJ.

HARRIS, Justice.

Muscatine is one of the few special charter cities in Iowa. Statutory provisions for special charter cities appear in chapter 420, The Code. One provision, § 420.45, requires that, before certain suits can be brought against the city, notice must be " . . . presented to the council or filed with the clerk within 30 days after . . . injury or damage . . . ."

Time requirements under § 420.45 contrast sharply with those provided for all other municipalities in § 613A.5, The Code. Under § 613A.5 the notice is timely if given within 60 days.

Although the plaintiff gave proper notice within 60 days, she failed to do so within 30 days. The city set up the failure as an affirmative defense. This appeal follows a jury verdict in favor of the plaintiff. Our question is whether recovery is barred under § 420.45.

■ We note that the plaintiff did not raise, in the trial court, any equal protection arguments under the state or federal constitutions. Although the argument is attempted on appeal it is too late. The question was not preserved. *Airport Com. for City of Cedar Rapids v. Schade,* 257 N.W.2d 500, 503 (Iowa 1977). We reserve for an appropriate case the question of the constitutionality of the differing provisions of the two statutes.

Because the clear provisions of § 420.45 would seem to bar recovery, plaintiff counterattacks the provision on alternative theories.

I. In answering plaintiff's petition, the city admitted it was a municipality. Plaintiff claims this admission waived any right to rely on § 420.45.

In bringing this action plaintiff attempted to allege a cause under chapter 613A, The Code [tort liability of governmental subdivisions]. We can assume plaintiff alleged Muscatine was a municipality as defined by that chapter. § 613A.1(1), The Code. In admitting this allegation the city subscribed to this definition of its identity. But the matter does not end here because the city went on to affirmatively allege it was a special charter city.

■ A special charter city is one incorporated by an act of the state legislature. See *Warren v. Henly,* 31 Iowa 31, 34 (1870); *Von Phul v. Hammer,* 29 Iowa 222, 222 (1870). After adoption of the 1857 Constitution of Iowa, the legislature was prohibited from chartering the incorporation of cities. Art. III, § 30. See *Von Phul, supra,* 29 Iowa at 222. But the legislature was required under the constitution to enact

laws which would operate in a general and uniform manner throughout the state. As to municipalities this was accomplished by the general incorporation law of 1858 (Rev. chap. 51). By that legislation the General Assembly divided cities into three classes, each different in powers, rights, and modes of government. The special charter cities composed the first class. See *Haskel v. City of Burlington,* 30 Iowa 232, 236 (1870).

■ Because of the unique status of special charter cities there is no inconsistency in the city's claim to be a special charter city while admitting to be a chapter 613A municipality.

Plaintiff's claim that the city waived its right to rely on § 420.45 is without merit.

II. Section 420.45 has, with an amendment in 1897, been an Iowa statute since 1888. Acts of the 22nd G.A. (1888), ch. 25, § 1. Section 613A.5 was enacted nearly 80 years later. Acts of the 62nd G.A. (1967), ch. 405, § 5. Plaintiff claims the enactment of § 613A.5 repealed the earlier statute by implication.

Chapter 613A was enacted in order to partially waive governmental immunity and provide for tort liability. See *Young v. City of Des Moines,* 262 N.W.2d 612, 620 (Iowa 1978); *Symmonds v. Chicago, M., St.P. & P.R. Co.,* 242 N.W.2d 262, 264 (Iowa 1976). Section 613A.4 provides certain exemptions from the liability imposed. Exempted, among other things, was "[a]ny claim against a municipality as to which the municipality is immune from liability by the provisions of any other statute or *where the action based upon such claim has been barred or abated by operation of statute or rule of civil procedure.*" § 613A.4(4).

In the past we have applied each of the provisions with an awareness of the existence of the other. Separate statutes, ancestors to the two involved in this suit, previously existed in our Code. One, similar to the present § 613A.5, provided for cities in general; another, the predecessor of § 420.45, applied to special charter cities. We considered these earlier coexisting statutes in *Tredwell v. City of Waterloo,* 218 Iowa

243, 244, 251 N.W. 37, 37 (1934). We recognized their similarity and the fact that one applied to special charter cities while the other applied to municipalities in general. We did the same thing in *Kenyon v. City of Cedar Rapids,* 124 Iowa 195, 99 N.W. 692 (1904).

Our holdings in *Tredwell* and *Kenyon* take on added significance in the light of an observation made in *Jahnke v. Incorporated City of Des Moines,* 191 N.W.2d 780 (Iowa 1971). We applied a familiar principle to chapter 613A: " . . . We assume the legislature knew the existing state of the law and prior judicial interpretations of similar statutory provisions. . . ." 191 N.W.2d at 787. This is an application of the rule that "[i]n construing statutes the court searches for the legislative intent as shown by what the legislature said rather than what it should or might have said." Rule 14(f)(13), Rules of Appellate Procedure. See also 2A Sutherland, Statutory Construction, § 45.10 (Sands 4th Ed. 1972).

■ We therefore cannot believe the legislature inadvertently or by accident exempted from chapter 613A the claims " . . . where the action based upon such claim has been barred or abated by operation of statute or rule of civil procedure." § 613A.4(4). Indeed, we assume the legislature deliberately exempted special charter cities when it created the notice requirements for tort claims in § 613A.5.

Other cases contradict the claim of the plaintiff that § 420.45 should not be applied because it is virtually unknown. Without commenting on the legal basis of such a claim we point out that the section has been considered and applied in our cases. *Clarke v. Hubbell,* 249 Iowa 306, 86 N.W.2d 905 (1958); *Bowman v. City of Davenport,* 243 Iowa 1135, 53 N.W.2d 249 (1952).

■ III. Our conclusion that § 613A.5 did not repeal § 420.45 by implication is supported by another well-established principle. There is a strong presumption against implied repeal. 1A Sutherland, Statutory Construction, § 23.10 (Sands 4th Ed. 1972). This is a principle we have long

acknowledged. See, for example, *McMurry v. Bd. of Sup'rs of Lee County,* 261 N.W.2d 688, 691 (Iowa 1978) and authorities there cited. The presumption is even stronger where, as here, a repeal is claimed of a special statute by a more general one. 1A Sutherland, Statutory Construction, § 23.15 (Sands 4th Ed. 1972).

We conclude the affirmative defense of the defendant city constituted a valid bar of the plaintiff's claim. The judgment against the defendant is reversed.

REVERSED AND REMANDED.