Leonard F. DOLEZAL, Appellant,

v.

The CITY OF CEDAR RAPIDS and The Airport Commission for the City of Cedar Rapids, Appellees.

No. 66997.

Supreme Court of Iowa.

Nov. 24, 1982.

Mitchell E. Turner and Francis J. Pruss, Cedar Rapids, for appellant.

David F. McGuire, City Atty., Cedar Rapids, for appellees.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

REYNOLDSON, Chief Justice.

Plaintiff Leonard F. Dolezal brought this action against defendants City of Cedar Rapids and its airport commission to collect damages for unjust enrichment. Trial court granted defendants' combined motion for dismissal, summary judgment, and directed verdict. Plaintiff, appealing, alleges trial court erred in finding his claim subject to the time limitations of Iowa Code chapter 613A, Tort Liability of Governmental Subdivisions. We reverse and remand with directions.

Trial court decided the case on stipulated evidence. In 1977 defendants commenced condemnation proceedings against farmland that plaintiff leased, located adjacent to the Cedar Rapids airport. Defendants gave plaintiff notice on April 5, 1977, that the compensation commission would assess damages on April 27, 1977. Plaintiff and other interested persons sought to enjoin the commission's meeting, challenging defendants' right to condemn. No hearing was held on the injunction petition until its dismissal on August 8, 1977. In the meantime, the compensation commission met as scheduled and assessed damages.

Plaintiff, apparently relying on the injunction petition and lack of notice of termination of his tenancy, planted a crop of corn and soybeans on the land in early May 1977. He cultivated the crop throughout most of the growing season. Defendants concede their airport director had actual knowledge of plaintiff's activities, and that they expressed no desire to plaintiff that cultivation cease. Immediately prior to harvest, defendants threatened plaintiff with criminal charges if he entered upon the land, and hired plaintiff's former employees to harvest the crop on behalf of defendants. Defendants sold the crop and retained all profit above their harvesting expenses.

Plaintiff appealed from the compensation commission's award, and was awarded $66,-747 by a Linn County jury on August 11, 1978. Defendants concede this award did not include compensation for the crop or for plaintiff's labor and expenses in cultivating the crop. In this action plaintiff seeks the alleged value of his services and expenses in planting and tending the crop, on a theory of unjust enrichment. Trial court, responding to plaintiff's motion for adjudication of law points, ruled the claim was within the tort definition of Iowa Code section 613A.1(3), and therefore subject to the notice and timeliness provisions of section 613A.5. Trial court found plaintiff failed to commence suit within two years of notice as required by section 613A.5, and granted defendants' combined motion for dismissal, summary judgment, and directed verdict.

## I. Applicability of Chapter 613A.

The parties contest the applicability of sections 613A.2 and 613A.1(3) to plaintiff's cause of action.[1] Plaintiff argues his unjust enrichment claim is not a tort within the scope of Iowa Code section 613A.2, thus rendering the notice and timely filing requirements of chapter 613A inapplicable. Defendants contend, in the alternative, that every claim against a municipality is subject to section 613A.2, that any exception should exist only for express contracts, and that plaintiff's unjust enrichment cause of action is outside the scope of any contract exception this court may recognize.

Iowa Code section 613A.2 provides:

Except as otherwise provided in this chapter, every municipality is subject to liability for its torts and those of its officers, employees, and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function.

Chapter 613A was enacted to partially waive immunity of Iowa's governmental subdivisions and provide for their liability in tort. *Lemon v. City of Muscatine,* 272 N.W.2d 429, 431 (Iowa 1978). Enactment

---

1. No claim is made that section 613A.5 applies in its own right, independent of sections 613A.2 and .1(3). *See Roberts v. Timmins,* 281 N.W.2d 20, 23–24 (Iowa 1979). We address only the definitional issue raised. *Semler v. Knowling,* 325 N.W.2d 395, 398–99 (Iowa 1982); *Thorp Credit, Inc. v. Johnson,* 257 N.W.2d 498, 500 (Iowa 1977).

of chapter 613A followed our ruling in *Graham v. Worthington,* 259 Iowa 845, 146 N.W.2d 626 (1966), that Iowa Code chapter 25A, Iowa Tort Claims Act, does not apply to state governmental subdivisions. *See Dan Dugan Transport Co. v. Worth County,* 243 N.W.2d 655, 657 (Iowa 1976); *Strong v. Town of Lansing,* 179 · N.W.2d 365, 366 (Iowa 1970). Chapter 613A created a new right of action previously unavailable at common law or statutorily. Cases interpreting limitation statutes of other jurisdictions, which merely abrogate sovereign immunity, have little impact on our interpretation of chapter 613A. *Wilson v. Nepstad,* 282 N.W.2d 664, 669 (Iowa 1979); *Sprung v. Rasmussen,* 180 N.W.2d 430, 433 (Iowa 1970).

A tort within the scope of section 613A.2 encompasses:

> [E]very civil wrong which results in wrongful death or injury to person or injury to property or injury to personal or property rights and includes but is not restricted to actions based upon negligence; error or omission; nuisance; breach of duty, whether statutory or other duty or denial or impairment of any right under any constitutional provision, statute or rule of law.

Iowa Code § 613A.1(3) (1981). The legislature has given the definition a wide range, eliminating common-law immunity in tort except for those specifically excluded in section 613A.4. *Symmonds v. Chicago, Milwaukee, St. Paul and Pacific Railroad,* 242 N.W.2d 262, 264 (Iowa 1976).

Chapter 613A has not always been so widely applicable. Iowa Code section 613A.1(3) (1973) defined a tort as:

> [E]very civil wrong which results in wrongful death or injury to person or injury to property and includes but is not restricted to actions based upon negligence, breach of duty, and nuisance.

In *Jahnke v. Incorporated City of Des Moines,* 191 N.W.2d 780, 787 (Iowa 1971), this court noted the terms "tort" and "civil wrong" would not be interpreted beyond their accepted, judicially established context, absent clear evidence to the contrary.

In *Jahnke,* an alleged tort of failure to warn against or prevent damage by mob violence was held outside the scope of chapter 613A because no authority existed which imposed a duty, running from the city to the individual plaintiff, upon which recovery could be predicated. 191 N.W.2d at 783. The court assumed the legislature was aware no court had recognized such a cause of action. *Id.* at 787. Some commentators interpret the *Jahnke* decision as requiring any claim under chapter 613A be based on a tort judicially defined at the time the chapter was passed. L. Blades & A. Kintzinger, *Iowa Tort Guide* § 9.19 (2d ed. 1981).

▮ Following *Jahnke,* the legislature amended the tort definition in section 613A.1(3) to make clear that breach of statutory duty is within its scope. 1974 Iowa Acts ch. 1263, § 2 (codified at Iowa Code § 613A.1(3) (1975)). This change reflects legislative desire "to impose—in the same manner as in the private sector—municipal tort liability for negligence based on breach of a statutory duty." *Wilson,* 282 N.W.2d at 669. A municipality may be liable for its acts or omissions when statutorily delegated authority over a particular activity, and breach of the statutory duty involves foreseeable risk of injury to an identifiable class. *Id.* at 671. Although this change creates a new right of action, it is consistent with our prior decisions to the extent they require violation of some constitutional, statutory, or common-law duty. *See Montgomery v. Polk County,* 278 N.W.2d 911, 912 (Iowa 1979) (duty of court clerk to pay over deposited funds on demand); *Harryman v. Hayles,* 257 N.W.2d 631, 638 (Iowa 1977) (duty to maintain county roads); *Lattimer v. Frese,* 246 N.W.2d 255, 258 (Iowa 1976) (no common-law duty to remove snow and ice deposited on sidewalk by natural causes); *Symmonds,* 242 N.W.2d at 264–65 (duty to exercise due care in erecting road signs); *Jahnke,* 191 N.W.2d at 787 (no duty to individual plaintiff). Plaintiff's unjust enrichment claim does not arise from a statutory or common-law duty, but from the equitable principle that one "shall not

be permitted to unjustly enrich himself at the expense of another or to receive property or benefits without making compensation therefore." *Glass v. Minnesota Life Insurance Co.,* 314 N.W.2d 393, 397 (Iowa 1982) (quoting *Smith v. Stowell,* 256 Iowa 165, 173, 125 N.W.2d 795, 799–800 (1964)); see D. Dobbs, *Handbook on the Law of Remedies* § 4.2, at 235 (1973); *Restatement of Restitution,* Introductory Note, at 522–25 (1937).

The legislature additionally amended section 613A.1(3) to include injuries to "personal or property rights," and appended language rendering the act applicable to "denial or impairment of any right under any constitutional provision, statute or rule of law." 1974 Iowa Acts ch. 1263, § 2 (codified at Iowa Code § 613A.1(3) (1975)). The clear intent of this amendment is to bring actions arising under 42 U.S.C. section 1983 within the scope of the municipal duty to defend, hold harmless, and indemnify employees sued for acts committed within the scope of employment or duties. *See Rosales v. Lewis,* 454 F.Supp. 956, 959–60 (S.D.Iowa 1978); Iowa Code §§ 613A.1(3), .2, .8 (1975).[2] We believe the legislature contemplated claims of a delictual nature, arising from deprivation or impairment of existing constitutional, statutory, or common-law rights, see Iowa Code § 613A.1(3) (1975); *Braden v. Texas A & M University System,* 636 F.2d 90, 92 (5th Cir.1981) (per curiam), and that the change should be construed, like 42 U.S.C. section 1983, against "a background of tort liability." *Monroe v. Pape,* 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492, 505 (1961), *overruled in part, Monell v. Department of Social Services of New York City,* 436 U.S. 658, 663–64, 98 S.Ct. 2018, 2022, 56 L.Ed.2d 611, 619 (1978); see *Braden,* 636 F.2d at 92. Plaintiff's claim rests not on deprivation of an existing right through municipal action, but on the concept of restitution from a corpus generated by his own labor and investment, as a person with no existing rights in the land or its produce.

Plaintiff's contention his claim is not within the scope of section 613A.2 is supported by our decisions filed before its enactment. This court routinely allowed actions in unjust enrichment, then characterized as implied contract, to proceed against municipalities. *Carlson v. City of Marshalltown,* 212 Iowa 373, 377–78, 236 N.W. 421, 423–24 (1931); *Cedar Rapids Water Co. v. City of Cedar Rapids,* 118 Iowa 234, 259, 91 N.W. 1081, 1090 (1902), *writ dismissed,* 199 U.S. 600, 26 S.Ct. 747, 50 L.Ed.2d 327 (1905); see *Horrabin Paving Co. v. City of Creston,* 221 Iowa 1237, 1241–44, 262 N.W. 480, 483–84 (1935); *City of Pella v. Fowler,* 215 Iowa 90, 96, 244 N.W. 734, 737 (1932). Our cases are in accord with the general rule of municipal liability in quasi-contract or unjust enrichment. 10 E. McQuillan, *Municipal Corporations* § 29.110 (3d ed. 1981); Annot., 84 A.L.R. 936, 937 (1933); 63 C.J.S. *Municipal Corporations* § 975 (1950). In contrast, this court distinguished between the governmental and proprietary functions of municipalities and counties, generally allowing only tort claims based on proprietary functions to proceed despite the immunity doctrine. *Elledge v. City of Des Moines,* 259 Iowa 284, 288, 144 N.W.2d 283, 286 (1966); *Wittmer v. Letts,* 248 Iowa 648, 652, 80 N.W.2d 561, 563 (1957); *Bradley v. City of Oskaloosa,* 193 Iowa 1072, 1073, 188 N.W. 896, 896–97 (1922). The legislature is presumed aware of our precedent holding governmental subdivisions amenable to suits based on unjust enrichment. *Lemon,* 272 N.W.2d at 431; *Jahnke,* 191 N.W.2d at 787. Although our decisions arguably fostered legislative abrogation of tort immunity, there was no necessity for the legislature to create or otherwise statutorily allow liability on a theory of unjust enrichment. We decline to infer a superfluous or unnecessary act on the part of the legislature. *State v. One Certain Conveyance,* 211 N.W.2d 297, 299 (Iowa 1973); *Mallory v. Paradise,* 173 N.W.2d 264, 268 (Iowa 1969).

---

**2.** 1974 Iowa Acts ch. 1263, § 7 amended Iowa Code section 613A.8 to specifically include actions under 42 U.S.C. § 1983 within the municipal duty to defend, save harmless, and indemnify state officers, employees, and agents.

■ Assuming arguendo the legislature intended to include unjust enrichment claims within section 613A.2, its only conceivable purpose in doing so would be to impose the chapter's notice and timeliness requirements. The legislative goal in enacting chapter 613A was not, however, the addition of restrictions to existing forms of action. Rather, the goal was waiver of existing immunity, subject to restrictions. *See Lemon,* 272 N.W.2d at 431. Although imposition of notice and timeliness requirements on all claims may be a salutory objective, *see Dan Dugan Transport Co.,* 243 N.W.2d at 658, we search for legislative intent in what the legislature said, not what it might or should have said. *Johnson v. Nelson,* 275 N.W.2d 427, 430 (Iowa 1979); *Lemon,* 272 N.W.2d at 431; Iowa R.App.P. 14(f)(13).

Although the definition of claims subject to section 613A.2 is stated broadly in section 613A.1(3), it remains a definition of "tort" as used in section 613A.2, the enabling section of the act. On the other hand, "restitution" and "unjust enrichment" are modern designations for the older doctrine of quasi-contract or contracts implied in law, sometimes called constructive contracts.[3] *Glass,* 314 N.W.2d at 397; *Smith v. Stowell,* 256 Iowa at 173, 125 N.W.2d at 799–800; *see City of Pella v. Fowler,* 215 Iowa at 95–97, 244 N.W. at 737. The legislature itself has noted the existence of "implied" contracts in a statute pertaining to other aspects of local government. *See* Iowa Code § 362.5 (1981). We have no reason to believe it is not familiar with the doctrine of unjust enrichment. We believe that had the legislature intended to include implied contracts and unjust enrichment within the scope of chapter 613A, it would have done so by express terms in section 613A.2, rather than a strained expansion of the section 613A.1(3) tort definition.

Defendants argue section 613A.2 is the sole creator of the right to sue a municipality, thus precluding plaintiff from sidestepping its notice and timeliness provisions. This argument is refuted by case precedent and Iowa statute. Municipalities traditionally have been empowered to sue and be sued, Iowa Code §§ 332.1, 368.2 (1966); *see* Iowa Code §§ 331.301, 364.1 (1981 & Supp. 1981), and been amenable to suit in unjust enrichment, *Carlson,* 212 Iowa at 377–78, 236 N.W. at 423–24, and in tort arising from proprietary functions. *Elledge,* 259 Iowa at 288, 144 N.W.2d at 286; *Wittmer,* 248 Iowa at 653, 80 N.W.2d at 564. Tort suits occasionally have been allowed against a municipality when its nonfeasance or misfeasance in a governmental function results in damage from dangerous conditions. *Gorman v. Adams,* 259 Iowa 75, 82, 143 N.W.2d 648, 652 (1966); *Florey v. City of Burlington,* 247 Iowa 316, 321, 73 N.W.2d 770, 772 (1955). Local government amenability to suit must be distinguished from state government amenability to suit, which this court consistently has construed much more narrowly. *See Kersten Co. v. Department of Social Services,* 207 N.W.2d 117, 118 (Iowa 1973); *Megee v. Barnes,* 160 N.W.2d 815, 816–17 (Iowa 1968), *overruled on other grounds, Kersten Co.,* 207 N.W.2d at 122; Iowa R.Civ.P. 9. Chapter 613A is indeed a creation statute, *Wilson,* 282 N.W.2d at 669; *Harryman,* 257 N.W.2d at 636, but it is not the *sole* creator of rights of action against state governmental subdivisions.

Defendants argue that if an exception to chapter 613A exists, it should be confined to express contracts, relying on *Kersten Co.,* 207 N.W.2d at 117. In *Kersten Co.,* we abrogated *state* immunity in cases of express contract, finding the state impliedly waived immunity and agreed to be answerable for breach of contract by entering into the contract. *Id.* at 118–20. We distinguish, however, between immunity accorded the state government, and the lesser level of immunity accorded local governments, which historically have been statuto-

---

**3.** Historically, because its predecessor forms of action in assumpsit (undertaking) involved enforcement of genuine contracts, the unjust enrichment cause of action was categorized along with them, as a quasi-contract. D. Dobbs, Handbook on the Law of Remedies § 4.2, at 235 (1973). In jurisdictions where form is material, it is properly brought at law as an action of contract. Restatement of Restitution § 5 (1937).

rily and judicially amenable to suits on implied contract, the older designation for unjust enrichment. *Megee,* 160 N.W.2d at 817–18; *see Wittmer,* 248 Iowa at 650, 80 N.W.2d at 562; Iowa Code §§ 332.1, 368.2 (1966). Defendants' reliance on *Barad v. Jefferson County,* 178 N.W.2d 376 (Iowa 1970), and *Young v. City of Des Moines,* 262 N.W.2d 612 (Iowa 1978), for the proposition chapter 613A comprehensively deals with municipal tort liability, and abrogates governmental immunity only to the extent prescribed by the statute, is similarly misplaced.

■ Defendants attempt to characterize plaintiff's claim as a tort, rather than one of unjust enrichment. They cite no authority for this argument, thus rendering it waived. *McSpadden v. Big Ben Coal Co.,* 288 N.W.2d 181, 184 (Iowa 1980); *Arthur Elevator Co. v. Grove,* 236 N.W.2d 383, 393 (Iowa 1975); Iowa R.App.P. 14(a)(3). Further, whether the stipulated evidence proves a cause of action in unjust enrichment is an issue not reached by the trial court. We decline to address it.[4] *Semler v. Knowling,* 325 N.W.2d 395, 399 (Iowa 1982); *Linge v. Ralston Purina Co.,* 293 N.W.2d 191, 195 (Iowa 1980). We note in passing that the tort of conversion apparently urged by defendants as applicable here would require a right of control over, or entitlement to, possession of the crops on the part of plaintiff. W. Prosser, *Handbook of the Law of Torts* § 15, at 93–94 (1971); *Restatement (Second) of Torts* § 222A(1) (1965). Plaintiff claims no control or possessory interest in the crops, and none appear on this record. *See Heldenbrand v. Executive Council of Iowa,* 218 N.W.2d 628, 635 (Iowa 1974) ("taking" occurs at time compensation commission fixes damages). There is accordingly no reason for this court to address whether plaintiff has employed the unjust enrichment cause of action merely to circumvent the tort provisions of chapter 613A. *See* Annot., 1 A.L.R.2d 864, 865 (1948).

■ We hold plaintiff's unjust enrichment claim is outside the scope of section 613A.2. The claim is therefore subject to the five-year statute of limitations on unwritten contracts. Iowa Code § 614.1(5) (1979); *Anderson v. Anderson,* 234 Iowa 277, 285, 12 N.W.2d 571, 575–76 (1944); *Citizens' Bank of Des Moines v. City of Spencer,* 126 Iowa 101, 107, 101 N.W. 643, 645 (1904); *Heiserman v. Burlington, Cedar Rapids and Northern Railway,* 63 Iowa 732, 738, 18 N.W. 903, 905 (1884).

## II. *Reinstatement of Defendants' Counterclaim.*

The "conclusion" in defendants' brief casually requests, without citation of authority, that in the event plaintiff prevails here, that "the entire Ruling of the Court ... be reversed, including the Dismissal of the Defendants' Counterclaim, because the only reason the Counterclaim was dismissed by the Trial Court was that the Plaintiff's case was dismissed and there was no longer any matter against which the Counterclaim could constitute a set off." Defendants' failure to cross appeal from the dismissal has caused us to scrutinize this "request" with unusual care.

■ The general rule is that a party's failure to appeal from an adverse trial court ruling renders the matter beyond our jurisdiction to adjudicate, *Musch v. Frost,* 319 N.W.2d 286, 288 (Iowa 1982), and precludes the granting of more favorable relief on appeal. *Prestype Inc. v. Carr,* 248 N.W.2d 111, 121 (Iowa 1976). In this case, however, trial court predicated dismissal of the defendants' cause of action on dismissal of plaintiff's opposing claim. In these circumstances, we hold defendants' failure to appeal does not preclude trial court on remand from considering their counterclaim as a set off. Denomination of a pleading as a coun-

---

4. We express no opinion regarding the applicability of our prior decisions, *e.g., Horrabin Paving Co. v. City of Creston,* 221 Iowa 1237, 262 N.W. 480 (1935); *Carlson v. City of Marshalltown,* 212 Iowa 373, 236 N.W. 421 (1931), in view of current restrictions on municipal power. *See* Iowa Code § 364.3(1) (1981); 10 E. McQuillan, Municipal Corporations § 112 (3d ed. 1981).

terclaim does not prevent it from being used as a set off, *Brown v. Missouri Pacific Transp. Co.,* 189 Ark. 885, 75 S.W.2d 804 (1934); *see* Iowa R.Civ.P. 32; 6 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1426 (1971), nor does the fact that it is barred by the statute of limitations. Iowa Code § 614.12 (1979); *Merritt v. Peterson,* 208 Iowa 672, 675–76, 222 N.W. 853, 854 (1929). Failure to appeal only precludes defendants from asserting their claim is not barred. If supported by substantial evidence it is only available as a set off.

Trial court's rulings on plaintiff's motion for adjudication of law points and defendants' motion for dismissal, summary judgment, and directed verdict were in error. We reverse and remand for consideration of plaintiff's case and defendants' claim for set off on the merits. Because evidence was closed and both parties rested, trial court should consider the evidence disclosed by the record already made and render judgment accordingly. *Collins v. Parsons College,* 203 N.W.2d 594, 599 (Iowa 1973).

REVERSED AND REMANDED WITH DIRECTIONS.