BERTHA HALSTEAD, Appellee, v. LUE ROHRET, Appellant.

No. 40234.

MARCH 10, 1931.

REHEARING DENIED JUNE 20, 1931.

F. F. Messer and A. E. Maine, for appellee.

Davis and Davis, for appellant.

EVANS, J.—The decedent died on January 22, 1927. The plaintiff's claim was filed in July, 1927. Trial was had on June 5 and 6, 1929. The decedent was a bachelor, who lived upon his own farm near Iowa City. For many years next prior to 1921 the plaintiff and her husband had been tenants upon this farm and the decedent had lived with them thereon. The farm consisted of 219 acres and contained but little tillable ground. In 1921 the plaintiff and her husband ceased to occupy the farm

as tenants, but continued to live in the home with the decedent. Out of this relation arose the services, which formed the basis of the plaintiff's action. The plaintiff filed her petition in two counts. In the first count she alleged that continuously from the year 1911 until the date of his death, the decedent at his request lived in her family and that she cared for him during all that period of time; that during much of that time he was an invalid and needed nursing and received the same from the plaintiff. In such count she alleged the reasonable value of her service. In her second count she pleaded a contract for her services; that the immediate occasion of such contract was that she and her family were about to terminate their relations with the decedent; that upon his solicitation and promise, she abandoned her plan and continued her services; that the promise of the decedent was that if she would continue to care for him as theretofore as long as he lived, he would convey to her that certain portion of his farm lying on the north side of the road and comprising 100 acres more or less. She alleged that she had performed on her part and that the decedent had failed to do so. She prayed that the executor be empowered and ordered to make such conveyance to her. Pending the action the executor sold and conveyed the real estate to a purchaser on March 1, 1928. Thereafter the plaintiff amended her petition and alleged such sale and prayed damages for breach of the contract. She alleged the amount of her damage to be the value of the real estate thus contracted for and that such value was $7500. She also filed an amendment to her first count, by alleging that the value of her services was $7500, the amount thus named being a very substantial increase over her original claim. The jury allowed her a recovery for the full amount claimed, and judgment was entered accordingly.

As indicated above, there was no appeal from this judgment. There was an appeal from the order of the trial court denying a new trial. The appellant has assigned error upon every feature of the record and has argued the same as though he had taken appeal from the judgment. In that respect the appellant has misconceived the scope of the review to which he is entitled. This scope is defined by the motion for new trial. He is entitled to a review here of rulings of the court upon each of such grounds of his motion for new trial as was sufficiently specific to

meet the requirements of an assignment of error under our appellate practice. Though the trial court is not concerned with the rules of appellate practice, this court is so concerned. For instance the first ground of the motion for new trial was:

"First. The court erred in sustaining claimant's objections made to the testimony offered by the executor as shown by the official shorthand reporter's notes."

Granting that the foregoing was a sufficient presentation to the trial judge, who was necessarily familiar with the record, which had just been made and which was as yet un-transcribed, and that it might be properly supplemented with appropriate oral argument, yet it afforded no basis for such an assignment of error as is requisite under the appellate practice. If there had been an appeal from the judgment it would open up the whole record of the trial to appropriate assignments of error. But the failure to appeal from the judgment closed the record for the purpose of an appeal, subject only to the particular questions raised and preserved by the motion for new trial. This question is settled by our previous cases. See McElfresh v. McElfresh, 186 Iowa 994, 996; Liddle v. Salter, 180 Iowa 840; and other cases cited therein. The first ground of the motion above set forth was not adequate to sustain an assignment of error upon any specific ruling on the admission of evidence. Thirteen of appellant's assignments of error are predicated upon rulings on the admission of testimony. All of these rulings inhere in the judgment and were not kept open for the purpose of appeal by the motion for new trial. Grounds of motion assailing the instructions were adequate to support the assignments of error predicated thereon. The same thing is true as to motions assailing the pleadings. Our consideration of the record will therefore be confined within the scope here indicated.

I. Appellant's first complaint is directed to the court's ruling upon his motion for more specific statement. This motion asked that the plaintiff be required to state specifically the time spent by her in the various forms of her services; how much time she spent nursing him; how much time was he confined in the hospital, etc. The court sustained the motion in part and overruled it in its larger part. The ruling was clearly within the discretion of the court. The matters called for were largely

evidential. The service extended over a period of sixteen years and was necessarily varied in form. To require such alleged services to be itemized by hours, or by days, or by events, could serve no other practical purpose than to encumber the record with unnecessary details.

The appellant also moved to strike a part of plaintiff's count One because inconsistent with count Two; and moved to strike a part of count Two because inconsistent with count One. This motion was in the main overruled. We think this ruling was proper; and in any event clearly within the discretion of the court and non-prejudicial to the defendant. There was no inconsistency in the two counts, as we shall indicate later herein.

II. At the close of the evidence, the defendant moved that the plaintiff be required to elect upon which count of her petition she would proceed. This motion was predicated upon the contention that the two counts were inconsistent. If this premise were correct then clearly the motion should have been sustained. However, this is not a case of pleading inconsistent causes of action where the existence of one of necessity negatives the other. In her first count the plaintiff claims to have performed the alleged services at the behest of the decedent and she alleges the reasonable value thereof. In her second count she pleads that such service was rendered pursuant to a contract with decedent, which contract fixed the compensation she was to receive. A recovery upon either count would bar recovery upon the other. If both were proved, only one recovery could be had. In such a case the primary right of recovery would be upon the contract and not upon the *quantum meruit*. The jury might have found for plaintiff on the first count rather than upon the second, or vice versa. The plaintiff introduced evidence tending to support both counts. She could not foresee whether her evidence in support of the contract would satisfy the jury. The jury might fail to support the second count and yet support the first one. She was not bound to gamble upon such contingency. The court expressly directed the jury that if they found plaintiff entitled to recover under the second count, they could award her no recovery upon the first count.

This was a proper presentation of the law; not because the two counts were inconsistent, but because they were both based upon the same consideration and because they presented either

842

cumulative or alternative grounds for one recovery. And this is so even though the measure of recovery was not necessarily identical under the two counts. The allegations of both counts could be true without inconsistency. The reasonable value and the contract price could be the same. If they were not, the contract price, if established, would control. There is no error in this part of the record.

■ III. The defendant pleaded the statute of frauds as a bar to recovery under the second count. He complains because the court did not submit that defense to the jury. It was not a defense to count Two as pleaded. The defendant did not plead it as a ground of demurrer to such count; nor as a ground of motion to strike; nor did he request an instruction thereon. The only apparent purpose of pleading it was to lay a barrage upon the evidence and to predicate objection thereon. It does not appear that it was interposed as a ground of objection to evidence. If it had been, a review of rulings on the evidence is beyond the scope of the appeal, as already indicated. Under the allegations of count Two the consideration for the oral contract had been fully performed by the plaintiff. This took the case out of the statute of frauds. Thompson v. Romack, 174 Iowa 155.

■ IV. At the close of the evidence the appellant requested the following instruction to the jury:

"You are instructed that certain declarations claimed to have been made by the decedent have been offered and received in evidence in this case. You are instructed that such declarations should be carefully and cautiously scrutinized and considered by you. You are instructed that the human mind and memory are subject to much imperfection, and when made many years previous to the time offered may not be clearly remembered or accurately stated."

Instead of giving such instruction, as drawn and presented by the appellant, the court incorporated the same in Instruction 10, given on his own motion. The appellant assigns error on the refusal to give the instruction in the form requested by him. Instruction 10 was as follows:

"You are instructed that the testimony of witnesses in this case consisting of mere repetition of oral statements should be

cautiously received. Such evidence consisting of the repetition of oral statements is subject to much imperfection and mistake in consequence of the person speaking not having clearly expressed his own meaning or in consequence of the witness having misunderstood him. It frequently happens also that the witness by unintentionally altering a few of the expressions really used gives an effect to the statement completely at variance with what the person did in fact say. This kind of evidence should be scanned closely. However when such statements are deliberately made or often repeated and are correctly given, they are often the most satisfactory evidence and you should consider all the circumstances under which such statements were made and introduced in evidence, the memory and intelligence of the witnesses testifying thereto and give them such weight as they are justly entitled to receive.''

The complaint made by appellant is that Instruction 10 was made to apply as well to the alleged admissions and declarations of the claimant as to the alleged admissions and declarations of the decedent. The appellant had himself introduced evidence of alleged admissions and declarations of the claimant and was unwilling that that evidence should come under ban of the rule which he invoked in his own behalf in the requested instruction. The rule is precautionary and is applicable without discrimination. Where a litigant introduces evidence of alleged oral declarations or admissions of his adversary or of those under whom his adversary claims, such evidence is subject to the rule of precaution here enunciated. The appellant had a right to invoke the rule and to apply it to the protection of his end of the controversy. But the court was under equal duty to apply it to both ends. By including the requested instruction as a part of Instruction 10, the court did not err.

■ V. The appellant contends for the insufficiency of the evidence to sustain the verdict. The evidence, as we view it, is not impressive. There is some room for argument that the verdict was a work of grace by a gracious jury rather than a cold weighing of the evidence. The extraneous facts which were foreign to the issues and which might yet influence the jury, tended naturally to induce favoritism to the claimant. The decedent had no direct heirs. He was the last of a family of three brothers and a sister. The two brothers and sister had

preceded him in death shortly before his own. All were childless. His only existing heirs at the time of his death were his first cousins, who may not have commanded the same favorable consideration of the jury, as if they had been more directly related. The verdict, however, may not be impeached upon a hypothesis of this kind. The evidence does disclose substantial circumstances which tended to corroborate the evidence and contentions of the plaintiff. The decedent was 79 years of age at the time of his death. He had been in frail health for many years. He had found a haven in the housekeeping of the claimant. It was of the highest importance to him that he should not be left alone in his own house. The service rendered to him had been sympathetic and highly appreciated by him. Four days before his death, he executed his will. He refers therein to this claimant as his "housekeeper for many years". He bequeathed to her $800. In directing therein the arrangements for his funeral, he requested that she have charge of them. There was direct evidence of the contract concerning the land. If it stood alone it would be quite unsatisfactory. But it received substantial corroboration from other evidence and circumstances. On the other hand the fact that he provided for her in his will and ignored the alleged contract for the conveyance of the land, would raise a query in the mind whether he ever understood such contract to be in vogue. He did not devise the land in terms to any one. He did make his first cousins his residuary legatees. The largest money bequest made by him, was to the claimant. No other bequest exceeded $200. The appellant contends that the bequest of $800 was intended by the testator as full compensation. There is no evidence to that effect unless the figures themselves be deemed sufficiently circumstantial to warrant such inference to be drawn therefrom. We think they are not sufficient for that purpose. While on the one hand the verdict of $7500 is large, yet on the other hand the bequest of $800 was apparently very inadequate as full compensation for the service rendered.

We find in the record no legitimate ground on which we could say that the verdict was not supported by evidence.

The foregoing contentions comprise the principal points presented by appellant for our consideration, other than rulings

upon the evidence. On the record, as already indicated, these rulings are not reviewable on this appeal.

For the reasons indicated, the judgment below is affirmed.

FAVILLE, C. J., and MORLING, KINDIG, and GRIMM, JJ., concur.