W. M. PHILLIPS, RESPONDENT, v. AMERICAN NATIONAL ASSURANCE CO., APPELLANT.—58 S. W. (2d) 814.

Kansas City Court of Appeals, March 6, 1933.

*Fisher & Whitten* for respondent.

*Jones, Hocker, Sullivan & Gladney, Willard A. McCaleb* and *Wm. R. Moore* for appellant.

SHAIN, P. J.—This is an action by the plaintiff, who sues on a contract had with the defendant, wherein the plaintiff seeks to recover for commissions, alleged to be due him on policies written by him, but wherein the renewals were collected for, by defendant, after the termination of the plaintiff's employment.

The defendant joins issue by denying liability and by interposing a counterclaim for the money alleged due from the plaintiff to the defendant.

A trial was had before Hon. A. Sanford Lyons in the Circuit Court of Jackson County, Missouri, jury being waived.

Judgment was had for the plaintiff on his claim, in the sum of $1514.12, and for the defendant on its counterclaim in the sum of $6.93.

From this judgment, an appeal was duly prosecuted by the defendant and cause was sent to this court.

The evidence discloses, that a contract was entered into, by and between the respondent and the appellant, on February 9, 1928. By the terms of the contract, the respondent was appointed as an agent for the appellant to solicit applications for life insurance in a designated territory, embracing the State of Kansas and certain counties in Missouri.

To determine the issue herein, it becomes necessary to give interpretation to the contract, entered into by the parties.

Pertinent to the direct issue, herein involved, are sections Twenty (20) and sections Twenty-four (24) of the contract. Section Twenty (20) is in words and figures as follows:

"If the amount of insurance written by the Party of the Second Part and Sub-Agents during the first year of this contract, upon which policies are issued and the net premiums paid thereon within the year or within sixty (60) days thereafter, shall equal or exceed Five Hundred Thousand Dollars ($500,000), then the Party of the Second Part shall be entitled to a ten (10) per cent renewal commission on the first renewal premiums which shall be paid to the Company. And providing the amount of insurance written by the Party of the Second Part and Sub-Agents during the second year of this contract, upon which policies are issued and the annual premiums paid thereon within the second year or within sixty (60) days thereafter shall equal or exceed One Million Dollars ($1,000,-000), then the Party of the Second Part shall be entitled to the following renewal commissions on the second renewal premiums (i. e., on the third year premiums), and on renewal premiums thereafter, when paid to the Company, as below specified, according to the persistency of each year's business, such persistency to be determined on the basis of the amount of business which renews for the second year."

Section Twenty-four (24) is in words and figures as follows:

"It is mutually agreed by and between the Parties hereto that should this Contract be terminated for any cause, then the schedule for renewal commissions as herein provided shall operate as follows:

"(a) For two years continuous service under this Contract, Party

of the Second Part shall be entitled to renewal commissions for three (3) renewal years, and for three years continuous service, all renewals shall be regarded as fully earned and will be paid in accordance with Sections 20, 21, 22 and 23.''

It stands admitted that the appellant, if liable, is liable for $1514.-12 on the respondent's claim. It further stands admitted, that the respondent owes the appellant $6.93 on its counterclaim.

### OPINION.

The appellant makes assignment of errors as follows:

### I.

''The Court erred in refusing the defendant's declaration of law letter ''A,'' submitted at the close of plaintiff's evidence and at the close of the entire case, which declaration of law was as follows:

'' 'The Court declares the law to be that if it believes and finds from the evidence that the plaintiff, on or about the 1st day of December, 1928, terminated and canceled the contract of agency between the plaintiff and defendant, dated February 9, 1928, and that the cancellation of said contract was to, and did, become effective on December 31, 1928, then the plaintiff was not entitled to any commissions on premiums paid under policies procured by the plaintiff under said contract during the second of any subsequent policy years.'

### II.

''The Court erred in finding and holding that plaintiff was entitled to any renewal commissions after the termination of his contract.

### III.

''The Court erred in permitting plaintiff to introduce evidence of oral conversations with the president of defendant company prior to the making of the contract respecting the terms and conditions thereof and the meaning and effect of certain .provisions thereof.''

Assignment one (1) and two (2) are both directed at respondent's right to recover and can be considered together.

The appellant cites a long line of cases that hold, that unless it be expressly stipulated or is clearly to be gathered from the contract, an insurance agent has no right to commissions on renewals after the expiration of his agency.

The above is certainly prime law. To determine the issue herein, the above well-founded principle of law must be applied, and unless it can clearly be gathered from the contract in issue, that the respondent is entitled to collect for commissions on renewals, the respondent cannot recover.

The issue involved herein has often been the subject of Judicial opinion, both in this and other States.

The law touching such contracts, as is here in issue, is well established in this State. The appellant cites, in its brief, three of the most outstanding court opinions of Missouri, dealing with the direct issue herein. [Locher v. New York Life Insurance Co., 200 Mo. App. 659; King v. Raleigh, 100 Mo. App. 1; Arensmeyer v. Metropolitan Life Insurance Co., 254 Mo. 363, 375.]

It will be noted that the contract in issue in the Locher case contains the following:

"A commission on the original or renewal cash premiums which shall, during his continuance as said agent of said party of the first part, be obtained, collected, paid to and received by said party of the first part."

In the King case, the contract contains the following language:

FIRST. "The said J. J. Raleigh agrees to allow the said party of the second part, during the continuance of his agency under this contract, commissions at the following rates upon premiums paid to J. J. Raleigh for said company upon business done by sub-agents hereafter appointed by the party of the second part, the same to be in full of claim upon said company, or said J. J. Raleigh on account of services as such agent; upon ordinary life policies, seventy per cent of the premiums of the first year when collected by said agent; and on the subsequent premiums when collected by said agent, five per cent for five years."

In the Arensmeyer case, the contract has the following provision:

"I also agree that my employment and duties as agent of the ordinary department shall terminate whenever I shall cease to be a superintendent of the industrial department of the company, and that upon such termination all my interests in commissions and fees as ordinary agent shall cease."

It will be noted, that in all of these cases that the right to receive commissions on renewals are predicated upon a continuance of the agency under the contract, or as expressly provided to terminate with the termination of the agency.

In the contract before us, there is no language in Section Twenty (20), that states directly or inferentially that the payment of the ten (10) per cent renewal commissions on the first renewal premiums shall be predicated upon the respondent continuing in the employment, the provision for this commission is directly predicated upon the writing of a given amount of insurance within a given time. In other words, the consideration for this extra commission is a stated volume of business.

It will be noted, that there is a provision in Section Twenty (20) predicated upon $1,000,000 insurance during the second year, where-

in commissions are to be paid to the respondent out of the premiums collected on the second and third year renewal premiums.

The appellant presents, that the provision of Section Twenty-four (24) of the contract, when read in connection with the whole contract, abrogates as to the payment of ten (10) per cent commissions provided for in the first part of Section Twenty (20) and made payable out of the first renewal premiums.

The appellant presents a sound rule for the interpretation of the contract, as follows:

"Effect must be given, if possible, to all parts of an instrument. Different portions are not to be construed conflicting if they can be harmonized and both upheld."

The above is in harmony with the text XVII Am. & Eng. Encyc. of Law, page 7, and in harmony with the opinion in Baker v. Keet-Rountree Dry Goods Co., 318 Mo. 969, and in fact, in harmony with every well established rule of interpretation.

In the light of the above rule, it is the opinion of this court that Section Twenty (20) and Section Twenty-four (24) of the contract in issue are in perfect harmony.

There is no language in Section Twenty-four (24), that can be construed as in any manner dealing with the ten (10) per cent commission provided for in Section Twenty (20), which is predicated upon writing in the first year of $500,000 or more of insurance, and wherein it is provided for the commission to be paid out of the first renewal premiums (i. e. out of the second year premiums).

Section Twenty-four (24) makes no reference whatever to commissions that are provided to be paid out of the first renewal premiums, but specifically does refer to commissions predicated upon two years continuous service and payable out of second and third year renewal premiums.

Section Twenty (20) not only deals with commissions payable out of first renewal premiums, but also, deals with commissions payable out of second year's renewal premiums, and also payable out of third year's renewal premiums.

This court can but conclude, that Section Twenty-four (24) is clearly directed to, that provisions in Section Twenty (20) that deals with the question of commissions arising from two (2) years continuous service and not directed to the first part of Section Twenty (20), which is not predicated upon any length of service, but upon the volume of business alone.

It will be noted, that Section Twenty (20) provides, as directed to the commissions payable out of the second and third year renewal premiums, that they will be paid, "as below specified." This shows clearly, that the intention of the parties was to the effect, that the payments of commissions out of the second and third year renewals

was to be conditioned on same provision to follow. Section Twenty-four (24) follows, and does specify as to the matter of commissions payable out of second and third year renewals, and is silent as to any other.

In Section Twenty-four (24) is found this language:

"For three years continuous service, all renewals shall be regarded as fully earned."

From this language, the inference can be drawn that some renewals are earned before three years of continuous service. As Section Twenty-four (24) specifically designates as to commissions payable out of second and third year renewals, and is silent as to commissions payable out of first year renewals, the rule, "*EXPRESSIO UNIUS EST EXCLUSIO ALTERIUS*," applies.

As this court concludes, that the contract upon its face, without extrinsic evidence, supports the judgment of the Circuit Court, it follows, that the appellant's specification three, if error, is harmless error.

Findings and judgment of the Circuit Court ought to be and is affirmed. All concur.