JOHN R. MCPHERRIN, Appellant, v. SUN LIFE ASSURANCE COMPANY of Canada, Appellee.

No. 42578.

NOVEMBER 20, 1934.

REHEARING DENIED MARCH 18, 1935.

Stull, Lucier & Elmquist, for appellant.

Carr, Cox, Evans and Riley and John Inghram, for appellee.

MITCHELL, C. J.—The appellant, John R. McPherrin, on the 24th of June, 1929, entered into a written contract, known in the record as Exhibit "A", with the Sun Life Assurance Company of Canada. The contract contained, among other provisions, the following:

"1. This Agreement shall not go into force until signed by the Agent and by the Division Supervisor, Manager, Assistant Manager, Inspector, or an Officer of the Head Office of the Company, and until approved by a duly authorized Officer of the Head Office of the Company, and duly recorded at the Company's Head Office in Montreal, and when so signed, approved and recorded shall take effect on the 24th day of June, 1929. It shall supersede and annul all agreements previously made between the Company and the Agent, but without prejudice to any claims or rights in favor of the Company arising under any previous agreement. * * *

"10. Should the Agent become connected with, or do business, directly or indirectly, for any other life assurance company, this Agreement, if then in force, shall at once terminate, and, whether this Agreement is in force or not, he shall forfeit and hereby specially waives any claim to commissions in virtue of this Agreement. * * *

"14. No provision in this Agreement shall be deemed to be waived or in any way modified unless such waiver or modification be in writing and state explicitly that it is intended to modify this Agreement."

During McPherrin's employment under the contract, certain policies of insurance were submitted to the appellee company and were accepted. And, under the provisions of Exhibit "A", renewal commissions were due McPherrin, provided he remained in the employ of the appellee company. The appellant concedes that he breached the conditions of paragraph 10 of the contract by becoming connected with and by doing business for another life insurance company. It is the contention of the appellant that the breach of the contract occurred on or about March 1, 1933, and that thereafter the appellee company credited to the appellant on an indebtedness which the appellant owed to the appellee company renewal commissions that were due to McPherrin. It is the appellant's claim, and his right to recover in this action is bottomed upon it, that the appellee company waived that provision of the contract which provided that, in case the contract was canceled, renewal commissions would not be paid. Appellant concedes that he breached the plain terms of the contract when he became connected with and began soliciting applications for life insurance for the Mutual Benefit Life Insurance Company of Newark, New Jersey. It is the contention of the appellee that the contract, Exhibit "A", was not canceled or

terminated until August 4th, on which date the appellee company wrote a letter to McPherrin, informing him that his contract was terminated. The lower court held there was not sufficient proof of waiver, and entered a decree in favor of the Sun Life Assurance Company. Not being satisfied with the holding of the lower court, McPherrin has appealed to this court.

The record shows that McPherrin had talked on or about March 1, 1933, with the branch manager of the appellee company, who resided in the city of Des Moines. According to McPherrin's story, he at that time told the branch manager that he would cease to operate under the said contract with the appellee company on March 1, 1933. There is a dispute in the evidence in regard to this conversation with the branch manager. On March 1, 1933, McPherrin was indebted to the appellee company in the amount of $91.06, and thereafter the appellee company credited McPherrin's account with renewal commissions. This continued up until April 25, 1933. On August 4, 1933, the Sun Life Assurance Company notified McPherrin in writing that his contract had been terminated.

The appellant relies upon an alleged waiver to establish a modification of his contract, and contends that the waiver has the effect of creating a new contract between the parties. It is his position that appellee, with full knowledge of the breach, has voluntarily waived certain conditions in the contract, and that thereby a new contractual obligation was created to pay him commissions on renewal premiums for the new period of approximately ten years. Appellant's right to renewal commissions is in no sense a vested right. It is a contractual right and can be enforced only upon an affirmative showing by appellant that he has fulfilled and carried out the terms of the contract relied upon and has earned the commissions provided for therein.

In the recent case of Masden v. Travelers Ins. Co. (decided by the circuit court of appeals for the 8th circuit), 52 F. (2d) 75, 79 A. L. R. 469, the court said at page 76:

"Plaintiff's right of recovery is bottomed on the contract, and his right to commission on renewal premiums must therefore be derived from the contract itself. Chicago Life Ins. Co. v. Tierman (C. C. A.) 263 F. 325, 332; Travelers Ins. Co. v. Hermann, 154 Md. 171, 140 A. 64; Chase v. New York Life Ins. Co., 188 Mass. 271, 74 N. E. 325; Sutherland v. Connecticut Mutual L. Ins. Co., 87 Misc. 383, 149 N. Y. S. 1008; Sunshine Cloak & Suit Co. v. Roquette

Bros., 30 N. D. 143, 152 N. W. 359, L. R. A. 1916E, 932. If these provisions of the contract were valid and had not been waived, then, confessedly, plaintiff was not entitled to recover."

And at page 78 of 52 F. (2d):

"It is next urged that paragraph 18 of the contract was void because it imposed a penalty. This contention is based on the assumption that the plaintiff had acquired a vested right in the renewal commissions, and that they had already been earned by him at the time the contract was terminated. But the only right the plaintiff had to these renewal commissions was such as he might acquire by compliance with the contract. As said by the Supreme Court of Kentucky in Thurman v. Rodman, 206 Ky. 180, 266 S. W. 1047:

" 'That appellant's right to commissions on undue and unpaid renewal premiums was an unaccrued, prospective, and contingent one is at once apparent from the fact that the right, by the inherent character of the thing to which it is attached, could not possibly ripen into an absolute right, unless and until the renewal premiums were paid by the insured to the company, a contingency which might or might not happen. The right of the parties to stipulate that other contingencies would also prevent such a right from ripening into an absolute one seems so clear and elemental that further discussion seems useless. * * *

" 'It therefore seems perfectly clear from these provisions alone that the so-called forfeiture clause states but a contingency attached to, or a limitation upon, plaintiff's right to renewal commissions, and that it is not, therefore, a provision for forfeiture of a vested right therein, which view is but strengthened by many other provisions in the contract, and by the contract considered as a whole, as well as by the cases from this and other courts on the subject.' "

The appellant had a perfect right to enter the employment of any other life insurance company and to write insurance for such company, but, if he elected to do so, he thereby breached the condition in the contract upon which his right to receive renewal commissions from the appellee company depended. This record shows without any dispute that he has breached this part of the contract. The appellant, in fact, concedes this, and bases his right to recover upon what he claims to be a waiver of that part of the contract by the Sun Life Assurance Company. A waiver is defined as an intentional relinquishment of a known right or such conduct as war-

rants an inference of the relinquishment of such a right. Hemmings v. Home Mutual Ins. Assn., 199 Iowa 1311, 203 N. W. 818. The burden of proving that a waiver existed in the case at bar rested upon the appellant. He must prove that the appellee company had full knowledge of the fact that he had breached the express condition of the contract, Exhibit "A", which entitled him to renewal commissions, by becoming connected with and by doing business for another life insurance company. McPherrin must further establish that, with the appreciation that such breach foreclosed his right to the further renewal commissions, the company thereafter voluntarily waived the condition and in effect agreed, without any obligation on its part to do so, to assume a new contractual obligation to pay renewal commissions to McPherrin. The only evidence that the appellant offered to show that appellee company had notice or knowledge, was a conversation that McPherrin had with Bowers. the branch manager of the company in Des Moines. McPherrin testified that he told Bowers he was going to work for another insurance company on or about March 1, 1933. Bowers denies that McPherrin terminated his relationship with the appellee company, and testified that during the period the renewal commissions were credited upon the appellant's indebtedness to the appellee company McPherrin had not definitely made up his mind to leave the Sun Life Assurance Company. Thus we find a direct conflict in the testimony. There is no evidence of the knowledge upon the part of the appellee company except that which the appellant claims Bowers had. Added to this is the fact that at no time were any commissions actually paid to McPherrin. It is true that his account with the company was credited with these renewal commissions up to April the 25th. But it is the claim of the company that they had no knowledge or information that McPherrin was terminating his contract until that time, and that the credit alleged to have been given McPherrin was shown in certain semimonthly statements, furnished in the regular course of the appellee company's business to all of its soliciting agents showing the status of their accounts with the company.

Thus, it seems to us that the appellant has failed to carry the burden, that he has failed to prove the waiver upon which he relies, and that the lower court was right.

Judgment and decree of the lower court must be, and it is hereby, affirmed.

STEVENS, KINDIG, DONEGAN, KINTZINGER, and ANDERSON, JJ., concur.