FLOYD L. BROWN, appellant, v. FARM BUREAU LIFE INSURANCE COMPANY, a corporation, appellee.

No. 52091.

July 14, 1966.

Lundy, Butler, Wilson & Hall, of Eldora, for appellant.

Brierly, McCall & Girdner, of Newton, for appellee.

SNELL, J.—This is an authorized interlocutory appeal from the trial court's separate adjudication of law points.

Plaintiff's action is at law for damages in the sum of $58,209.60 claimed in each of three divisions.

The issues are as tendered by the pleadings.

Defendant is an Iowa corporation engaged, among other things, in writing income disability insurance policies.

Plaintiff's petition states: that on March 1, 1963, he made written application to defendant for a guaranteed renewable income disability insurance policy to provide for total disability payments of $200 per month for life, with a thirty-day elimination period; that he paid the initial premium; that defendant accepted and retained the application and premium until a time subsequent to plaintiff's demand for payment under the policy.

Plaintiff states that on September 21, 1963, his right arm was accidentally caught in a hay baler and so injured as to require amputation and plaintiff is now permanently totally

disabled; that when plaintiff made claim defendant refused payment notwithstanding its failure to notify plaintiff of defendant's contention the policy or premium had not been accepted. There is no claim that a policy was ever issued.

Division I of plaintiff's petition sounds in contract and prays judgment for $58,209.60, together with interest and costs. It is based on the breach of an alleged oral contract to furnish disability insurance providing for total disability payments of $200 per month for life. Division II is a tort claim based on deceit resulting from defendant's implied misrepresentation that plaintiff's application and premium had been accepted and such a policy was in force. The third division is also in tort based on defendant's negligence in failing to give plaintiff notice that his application for such a policy and premium had not been accepted, that it was not in force, inducing him to believe it was in force, in failing to issue the policy, taking an unreasonable time to act upon his application and notify him of its rejection.

Each division of plaintiff's petition prays for judgment in the sum of $58,209.60, the claimed present worth of future monthly payments he would have had if the insurance policy had been issued.

Defendant denied the acceptance of plaintiff's application, denied any contract and denied liability.

What plaintiff seeks is a "lump sum" equal to the commuted value of $200 payable each month throughout his life expectancy.

The trial court concluded that in the event plaintiff established a cause of action in either contract or tort his recovery would be determined by the terms of the policy contract he had sought and he could not recover judgment in a lump sum or accelerated amount.

From this determination plaintiff has appealed and the question now before us is the measure of plaintiff's damage in the event he establishes his right to recover in either contract or tort.

Attached to plaintiff's petition as Exhibit "A" is a copy of the insuring agreement he says he was to receive. Under the

heading "Definitions" the following appears:

"Total Disability. The term 'total disability' or 'totally disabled', whenever used in this policy, means the complete inability of the insured to engage in his regular occupation, except that if indemnities have been paid for twenty-four months in any period of continuous disability, then for the remaining duration of such period of continuous disability, the term 'total disability' shall mean the complete inability of the insured to engage in any gainful occupation.

"Partial Disability. The term 'partial disability' or 'partially disabled', whenever used in this policy, means the inability of the insured to perform one or more but not all of the important duties of his occupation."

Benefit provisions are provided in Part A to E inclusive of said Exhibit "A".

Paragraph 9 of said exhibit provides that:

"Subject to due written proof of disability, all accrued indemnities will be paid at the expiration of each month during the continuance of the period for which the company is liable and any balance remaining unpaid upon the termination of liability will be paid immediately upon receipt of the written proof."

I. That plaintiff may bring his action in either contract or tort is not seriously disputed. If he can establish a contract he may, of course, recover for its breach. That an insurer may also be compelled to respond in damages for negligence in accepting or rejecting an application for insurance is is well settled. Werthman v. Catholic Order of Foresters, 257 Iowa 483, 133 N.W.2d 104, and cases cited therein.

II. The issue under the contract claim is stated by plaintiff as follows:

"Can plaintiff, if totally permanently disabled, recover damages for the present worth of future payments under an income disability insurance policy, providing monthly payments for life, where the insurance company has denied all liability and refused payment?"

We have in previous cases determined the measure of damage for breach of an oral contract to provide insurance. In re Estate of Carter, 254 Iowa 138, 142, 143, 116 N.W.2d 419, 422,

involved an oral agreement to procure credit life insurance. We said:

"Under the general rule the measure of damages for breach of an agreement is the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or which the breach of it has entailed. The injured person is entitled to be placed, so far as this can be done by money, in the same position he would have occupied if the contract had been performed. [Citations]

"In view of the record, the question of damages in this case will be treated and considered as if a policy in the usual form had been obtained by the bank. The measure of defendant's recovery is the amount recoverable had a policy been actually obtained." [Citations]

We quoted with approval from Barre v. Council Bluffs Ins. Co., 76 Iowa 609, 610, 611, 41 N.W. 373, 374, as follows:

" 'While the action is not upon the policy of insurance, it cannot be doubted that defendant's liability must be determined by the terms and conditions of the policy, which also must determine the plaintiff's measure of damages in case he recovers. The action is on an agreement to issue a policy. Now, it is plain that plaintiff's damages are just what he would have recovered if the policy had been issued and the suit brought thereon.' "

Winn v. John Hancock Mutual Life Insurance Co., 216 Iowa 1249, 1252, 250 N.W. 459, was an action for damages for negligent failure to complete a contract for insurance. We said:

"Of course, it is also necessary, in order to recover for injury to or loss of any right, whether it be accrued or in the making, to show the extent, character, and value of the right. In this case it was clearly incumbent on the appellant to prove the contract of insurance, if not its exact terms and conditions, at least its substance, of which he claims his intestate was deprived."

III. Plaintiff alleges that he is permanently totally disabled within the meaning of the insurance contract. While for the purpose of the present submission we accept plaintiff's allegation we note the policy definitions and the distinction between total and partial disability. To allow a lump sum or commuted value judgment based on alleged lifetime total dis-

ability caused by the loss of an arm would be far beyond anything contained in or contemplated by the insurance contract. It would completely disregard the changed definition of total disability after twenty-four continuous disability payments.

IV. Plaintiff claims that he applied and paid for a contract that would pay him $200 per month for life. How long plaintiff will live no one knows. How many payments he might be entitled to is uncertain. There is no claim of any guaranteed value or number of payments certain. Obviously based on his estimated life expectancy, he seeks the present value of undeterminable amounts. He tries to invoke the rule of probabilities in measuring his damage. He tries to compute what is not computable.

Even where commutation is authorized and the limit of liability fixed we have refused to adopt the rule of probability.

Under the Workmen's Compensation Law the maximum period during which compensation for certain injuries is payable is fixed. Commuted value is determinable and commutation may be authorized under the statute.

In Diamond v. The Parsons Co., 256 Iowa 915, 129 N.W.2d 608, a Workmen's Compensation case, claimant, a permanently disabled workman sought commutation of benefits. The insurance carrier in resistance argued that because of claimant's poor physical condition the period should not be determined to be the maximum under the statute as claimant might not live that long. It was argued that the rule of probability as to how long claimant might live should control in determining the period during which compensation would be payable.

There the statute fixed the maximum period. We refused to adopt the rule of probability and said to do so would inject endless speculation not contemplated by the statute.

In the case at bar what defendant might be obligated to pay was fixed by the alleged contract. There is no provision in the contract nor in any of our pronouncements for commutation of payments due over an undetermined period.

Plaintiff's measure of damage is fixed by what he tried to buy. There is neither need nor right to inject speculation or uncertainty as to value.

V. We have been favored by counsel with excellent briefs

covering the many ramifications incident to insurance contracts, including breach and repudiation, anticipatory breach, acceleration of payment, consequential damage, remedies and the nature, extent and method of determining plaintiff's damage or rights.

These various problems have been frequently considered in various jurisdictions and by the Supreme Court of the United States. Factual variations appear. The conclusions are not in accord. To reconcile all the authorities is impossible. The rules are discussed in 29A Am. Jur., Insurance, section 1508, page 615, as follows:

"Remedy and Extent of Recovery in Case Insurer Fails to Make Payments.—Life, health, and accident insurance policies frequently provide for periodical payments of benefits in case of the injury or disability of the insured, and in many cases questions have arisen as to the remedy and extent of recovery where the insurer breaches its contract to pay such benefits. A substantial number of authorities have adopted the view that in case of the breach of contract by an insurer to pay periodical indemnity or benefits, the right of action is limited to the instalments which have accrued at the date of the action, or if the complaint is amended to include the instalments accruing during the pendency of the action, those which have accrued prior to judgment, and that judgment cannot be rendered in favor of the insured for instalments not accrued at such time. * * * On the other hand, there are authorities which support the rule that after the breach of payment by an insurer of an entire contract calling for periodical payments of indemnity or disability benefits, an action lies upon the entire contract for instalments due and to become due. In a number of cases also, judgments have been rendered which determine the liability of the insurer as to future instalments for disability, and which provide for the payment of such instalments in the future in accordance with the terms of the policy and so long as the disability continues.

"Since insurance policies providing for disability benefits quite commonly make such benefits payable during the continuance of the disability, the expectancy of life is a feature to be considered in ascertaining total liability under such a con-

tract in jurisdictions where an action lies to recover instalments both due and to become due in case of a breach by the insurer. On the other hand, if an action to recover future instalments may not be maintained, the expectancy of life of the insured does not enter into the question of the insurer's liability for the instalments which have accrued, and if there has been no anticipatory breach by the insurer, the courts do not favor adopting as the measure of damages the expectancy of life of the insured."

The problems are extensively discussed and annotated in 81 A. L. R. 379, 380, 384, and 99 A. L. R. 1171, 1175, and diversity of authority noted.

In 45 C. J. S., Insurance, section 465g(1), page 141, this appears:

"No fixed rule appears to have been established for determining the amount recoverable for the wrongful cancellation of an insurance contract, the courts apparently adopting the measure of damages which under the facts of each case will most nearly compensate insured for the loss sustained."

25 C. J. S., Damages, section 79(e), page 882, says:

"The measure of damages for the breach or repudiation of a contract to pay money in installments, before the whole amount called for by its terms is due, is the present value of the contract. * * * However, it has been held that where there is a total breach of a contract to pay money in installments recovery for the entire injury is proper."

In the case at bar neither the whole amount that may be collectible nor the number of installments that will accrue is determinable. There is no way to determine the whole amount of liability under the alleged contract except by resort to life expectancy tables. This would inject unnecessary uncertainty into the problem. If plaintiff can establish his right to recover, payments pursuant to his claimed policy agreement will give him all he was ever entitled to.

In Mobley v. New York Life Insurance Co., 295 U. S. 632, 638, 55 S. Ct. 876, 878, 79 L. Ed. 1621, 99 A. L. R. 1166, the defendant discontinued disability payments included in a life insurance contract in the belief that plaintiff was no longer totally disabled. The court said:

"Repudiation by one party, to be sufficient in any case to entitle the other to treat the contract as absolutely and finally broken and to recover damages as upon total breach, must at least amount to an unqualified refusal, or declaration of inability, substantially to perform according to the terms of his obligation. [Citations] Mere refusal, upon mistake or misunderstanding as to matters of fact or upon an erroneous construction of the disability clause, to pay a monthly benefit when due is sufficient to constitute a breach of that provision, but it does not amount to a renunciation or repudiation of the policy."

The question before us does not involve a refusal to perform if there is a contract. The question is the measure of plaintiff's damage if he can prove that he has been damaged by defendant. The answer is in the policy contract he tried to buy.

VI. In the case at bar the first issue is the plaintiff's right to recover anything. If he proves his case he will without question be entitled to installment payments pursuant to his contract, but there is no claim of any provision for a minimum amount, maximum amount or sum certain.

Actually plaintiff says he bought and paid for a contract of insurance. He did not receive the contract and so he relies on an alleged oral contract to furnish the written contract.

Defendant denies the existence of any contract. It is not a case of anticipatory breach of an existing contract. 17A C. J. S., Contracts, section 472(1) says:

"Strictly, an 'anticipatory breach' of a contract is one committed before the time has come at which there is a present duty of performance, and it is the outcome of words or acts evincing an intention to refuse performance in the future. An essential element of a true anticipatory breach of a contract is that the repudiation or renunciation by the promisor occur before his performance is due under the contract."

See also New York Life Insurance Co. v. Viglas, 297 U. S. 672, 56 S. Ct. 615, 80 L. Ed. 971.

There is nothing before us to indicate any repudiation or refusal of defendant to perform if it is found that plaintiff was entitled to a contract.

It is not a case where plaintiff claims consequential damages.

It is a case where under our previous pronouncements plaintiff, if he prevails, is entitled to be placed in the same position he would have occupied if the insurance policy had been delivered. See Division II, supra. There is no claim that if the insurance policy had been delivered as plaintiff claims it should have been, the plaintiff would be entitled to a lump-sum commuted value of benefits.

VII. The basis of plaintiff's argument in support of Divisions II and III of his petition is that in tort he is entitled to lump-sum compensatory damages. Such a conclusion must be based on the theory that defendant was negligent in not issuing him a policy of insurance and in unreasonably delaying action on his application.

We have said in Division I, supra, that such an action may sound in tort but it does not follow that his damage may be computed as in personal injury cases. In personal injury cases loss of earning power, pain and suffering, expense, etc. are compensable. In determining the present value of what is sometimes called "adequate compensation" for injuries extending into the future absolute necessity requires resort to uncertainties. Life expectancies, earning power of the injured person, and earning power of money paid in advance properly discounted are properly considered because there is no other way to estimate the measure of damage. Resort to such uncertainties is an attempt to make the allowance compensatory.

This is not a personal injury case. It is based on alleged negligence in failing to provide plaintiff with a contract calling for specific payments.

In 25 C. J. S., Damages, section 80, it is said:

"In tort actions the measure of damages is that which will afford compensation to the injured person.

"In actions of tort, the general rule that the measure of damages is that which will afford compensation to the injured person applies. In many cases, owing to the impossibility of exactly fixing such compensation by a money standard, its amount must be determined by the trier of facts in the exercise of a sound or reasonable discretion; such discretion, however, is not unlimited, or without control. Where, however, from the nature and circumstances of the case, a rule may be discovered

by which adequate compensation may be accurately measured, such a rule should be applied in actions of tort; but, where subordinate rules for the measure of such damages run counter to the paramount rule of fair and just compensation, the former must yield to the principle underlying all such rules. Plaintiff in a tort action is not, in being awarded damages, to be placed in a better position than he would have been in had the wrong not been done."

In the case at bar had the alleged wrong not been done plaintiff would have been entitled to disability payments pursuant to the contract. There is nothing in the record before us supporting recovery of more or less than would have been so provided. As we said in Barre v. Council Bluffs Ins. Co., quoted supra in Division II, "plaintiff's damages are just what he would have recovered if the policy had been issued and the suit brought thereon."

VIII. We find no error in the trial court's adjudication of law points. If plaintiff establishes his right to recover in either contract or tort, and establishes total disability he will be entitled to a lump-sum judgment for all payments accrued with interest thereon and a determination of entitlement to future installments in accordance with the terms of the policy.

The case is—Affirmed.

All JUSTICES concur except BECKER, J., who dissents.