The Conjugal Community Constituted between Mrs. Virginia L. HENNES and Mr. Horst Heinig, Represented by the latter as its Administrator; and the Conjugal Community Constituted between Mrs. Carmen Juana López and Mr. Wilfredo Bassó Bertrán, Represented by the Latter as its Administrator, Plaintiffs,

v.

SUN LIFE ASSURANCE COMPANY OF CANADA, Defendant.

Civ. A. No. 746–67.

United States District Court
D. Puerto Rico.
Nov. 8, 1968.

M. Bauza Rolon and Guillermo Bauza, San Juan, P. R., for plaintiffs.

A. Ruiz-Suria, McConnell, Valdes, Kelley & Sifre, San Juan, P. R., for defendant.

## SUMMARY JUDGMENT

FERNANDEZ - BADILLO, District Judge.

On February 1, 1968 the defendant Sun Life Assurance Company of Canada filed a "Motion for Summary Judgment" requesting that plaintiffs' action be dismissed on the grounds set forth in said motion, which was supported by the following documents submitted with it:

(a) Photocopy of the Agent's Agreement signed by plaintiff Horst Heinig and the defendant Sun Life Assurance Company of Can-

ada, effective October 1st, 1959 (*Exhibit A*);

(b) Photocopy of the Agent's Agreement ("Convenio de Agente") signed by plaintiff Wilfredo Bassó Bertrán and defendant Sun Life Assurance Company of Canada, effective April 16, 1960 (*Exhibit B*);

(c) Photocopy of plaintiff Horst Heinig's letter of March 15, 1966, addressed to Mr. Peter S. Mathewson, Superintendent of Agencies, Sun Life of Canada, P. O. Box 6075, Montreal, P. Q., Canada (*Exhibit C*);

(d) Photocopy of letter dated March 23, 1966 addressed by Mr. Peter S. Mathewson, Superintendent of Agencies, to plaintiff Horst Heinig, P. O. Box 1893, Hato Rey, Puerto Rico 00919 (*Exhibit D*);

(e) Photocopy of letter dated April 1, 1966, addressed to plaintiff Wilfredo A. Bassó Bertrán, 510 Perseo St., Altamira, Rio Piedras, Puerto Rico and signed by defendant's Branch Manager at San Juan, Puerto Rico, Mr. Gonzalo B. González (*Exhibit E*);

(f) Mr. Gonzalo B. González' Sworn Statement of January 22, 1968 (*Exhibit F*).

Copies of defendant's motion and Exhibits A, B, C, D, E and F supporting it were duly notified to plaintiffs' counsel.

The plaintiffs then filed a "Motion Opposing Summary Judgment" requesting that defendant's motion be dismissed on the grounds set forth in their opposition.

The plaintiffs submitted the following documents to support their "Motion Opposing Summary Judgment":

(a) Plaintiff Horst Heinig's Statement Under Oath, dated January 1968;

(b) Plaintiff Wilfredo Bassó Bertrán's Statement Under Oath, dated January, 1968.

A hearing was set for February 16, 1968. Defendant's counsel Mr. Abelardo Ruiz-Suria was the only one to appear and, at his request, the Court ordered that the matter be argued and submitted by memoranda, which the parties have submitted.

A careful examination of defendant's "Motion for Summary Judgment", of Exhibits A, B, C, D, E and F filed in its support of plaintiffs' "Motion Opposing Summary Judgment" and of plaintiffs' sworn statements supporting it, reveals that there is no genuine controversy between the parties as to the following facts in this case:

1. Plaintiffs' claims are solely based on their respective Agent's Agreements with the defendant, photocopies of which were attached to defendant's "Motion for Summary Judgment" (*Exhibits A and B*);

2. Plaintiffs claim the payment of commissions and alleged damages arising out of the termination of their respective Agent's Agreements;

3. The plaintiffs and the defendant agreed that their respective Agent's Agreements could be terminated " * * by *either* party * * * *without cause* by giving the other party three days' notice in writing". (Section 28, Exhibits A and B;

4. Both agreements were terminated in accordance with the above quoted covenant, either by plaintiffs or by the defendant, on the following dates:

(a) Plaintiff Horst Heinig's Agent's Agreement was terminated as of March 31, 1966;

(b) Plaintiff Wilfredo Bassó Bertrán's Agent's Agreement was terminated as of April 5, 1966.

5. Under the agreements, there is no obligation to pay the plaintiffs commissions after the termination date of their respective Agent's Agreement, except as provided for in Section 7 which reads as follows:

"No commissions shall be payable or accrue to the Agent after termination of this Agreement except that

(A) if the termination is by reason of the death of the Agent and

if the Agent for the immediately preceding Branch Business Year has a production credit of an amount entitling him to renewal commissions under the Commission Schedule applicable to this Agreement in the subsequent year, the Company will waive the requirement of further production credit and will pay to the legal representatives of the Agent the commissions that but for the termination would have been payable during the commission paying period of the policies concerned.

(B) if the agreement is terminated for any reason other than the death of the Agent and the Agent at the time of termination has attained fifty years of age and has had a production credit in each of twenty Branch Business Years of not less than the amount required to entitle him to renewal commissions under the Commission Schedule in force at the effective date of this Agreement, then until, such time as he first becomes engaged, directly or indirectly, in the solicitation of applications for life assurance policies or annuities for any other company or association engaged in the business of life assurance, the Company will waive the requirement of further production credit and will pay to the Agent or his legal representatives the commissions that but for the termination would have been payable during the commission paying period of the policies concerned."

6. Plaintiffs are indeed both living and they have admitted that they do not comply with the production credit requirement contained in Section 7 of their respective agreements with the defendant. (Paragraph "2" of Defendant's "Motion for Summary Judgment", admitted in paragraph "2" of plaintiffs' "Motion Opposing Summary Judgment").

7. While the plaintiffs have raised the question that section 7 of their respective Agent's Agreement is null and

void, they have made no statement of fact to support it.

This question is thus before the Court as a question of law to be decided on the basis of the Agent's Agreements themselves, which were submitted by the defendant in support of its "Motion for Summary Judgment" (Exhibits "A" and "B"). The execution of these Agent's Agreements was admitted by the plaintiffs. The question raised by plaintiffs that section 7 of their respective Agent's Agreements is null and void lacks merits.

█ Obligations arising from contracts have legal force between the contracting parties and must be fulfilled in accordance with their stipulations. Civil Code of Puerto Rico (1930), section 1044; 31 LPRA, § 2994. Florensan & Trublard v. Guánica Central, 1906, 10 P.R.R. 187. The will of the parties as evidenced by their contract, if valid, is the law of the case in an action on the Contract. Clausells v. Solar, 1937, 51 P.R.R. 87.

█ In our jurisdiction, there is contractual liberty. The contracting parties may make the agreement and establish the clauses and conditions which they may deem advisable, provided they are not in contravention of law, morals, or public order. Civil Code of Puerto Rico, 1930, Section 1207; 31 LPRA, section 3372.

█ In the absence of some rules of constitutional or statutory law of public policy, or the like, parties may make any contract that they choose. Clausells v. Com. Union Assur. Co., 1927, 37 P.R.R. 110; Capó v. Ramos, 1961, 83 P.R.R. 625, Castle Enterprises, Inc. v. Registrar, 1963, 87 P.R.R. 738.

The Agent's Agreements involved in this action clearly comply with the three essential requisites to constitute a valid and binding contract. Civil Code of Puerto Rico (1930), section 1213; 31 LPRA, 3391. There is no controversy whatsoever questioning the consent of the parties, nor the definite object and the cause on which the plaintiffs and the defendant

**674**

respectively agreed when they signed said Agents Agreements.

■■ It has been uniformly decided that the right of an agent to commissions on renewal premiums is determined by the terms of his contract of employment. American United Life Ins. Co. v. Blackhurst, C.C.A.Mo., 108 F.2d 674. The agent is not entitled to commissions on premiums contrary to his contract. 44 C.J.S. Insurance § 162, page 843.

■ The agent's right to renewal commissions is in no sense a vested right. It is a contractual right and can be enforced only upon an affirmative showing by the Agent that he has fulfilled and carried out the terms of the contract relied upon and has earned the commissions provided for therein. McPherrin v. Sun Life Assurance Co. of Canada, 219 Iowa 159, 257 N.W. 316, 317.

■ An insurance agent is not entitled to recover damages for the termination of his agency if the company acts within its contractual rights in terminating the agency. In this case, the respective Agent's Agreements between the plaintiffs and the defendant were terminated in accordance with the rights of either party to terminate the agreement by giving a three day written notice to the other party.

■ Being it so, the plaintiffs, as agents, are not entitled to commissions on renewal premiums paid after termination of their agencies, unless their right to receive such commissions is expressly stipulated in or is clearly to be gathered from their respective agency contracts. Christensen v. Prudential Ins. Co. of America, Mo.App., 204 S.W.2d 459, 462; Phillips v. American Nat. Assur. Co., 227 Mo.App. 1136, 58 S.W.2d 814, 815; Locher v. New York Life Ins. Co., 200 Mo.App. 659, 673, 208 S.W. 862, 866.

Agency contracts frequently provide for payment of renewal commissions only during continuance of the agency. In such cases, courts have answered agents' pleas of hardship by pointing out in each instance that, if the contract was harsh, it nevertheless was one which the parties had a legal right to make and did make, and that the court could not disregard the language employed by the parties and rewrite the contract in accordance with the court's notion of what might be fair and equitable. Baker v. Missouri National Life Insurance Company, Mo.App., 372 S.W.2d 147; King v. Raleigh, 100 Mo. App. 1, 7; 70 S.W. 251, 253; Christensen v. Prudential Insurance Co. of America, supra.

■ There being no genuine controversy on the above stated facts and being the Agent's Agreements involved in this action valid and binding on the plaintiffs and the defendant in accordance with the terms, conditions and stipulations agreed upon therein, it is evident that the plaintiffs do not have a valid claim against the defendant.

It is therefore ordered, adjudged and decreed that plaintiffs' action against the defendant be, and it is hereby dismissed.