James J. GLASS, Appellant,

v.

MINNESOTA PROTECTIVE LIFE IN-SURANCE COMPANY, Appellee.

No. 65848.

Supreme Court of Iowa.

Jan. 20, 1982.

4. We are not asked to pass on whether claims for punitive damages survive the death of the tortfeasor.

Harold W. Johnson, Des Moines, for appellant.

Alan H. Bjork of Blanchard, Cless & Hanson, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, McGIVERIN and LARSON, JJ.

McCORMICK, Justice.

Plaintiff James J. Glass appeals from dismissal of his contract action against defendant Minnesota Protective Life Insurance Company for life insurance policy renewal commissions. Plaintiff's petition was in two counts, the first based on express oral contract and the second based on unjust enrichment. Defendant attacked the first count by motion for summary judgment and the second count by motion to dismiss. The trial court sustained both motions and dismissed the petition. We find that the court erred in its ruling on each motion. Therefore we reverse the trial court.

The determinative questions on the summary judgment ruling are whether defendant established as a matter of law that the alleged oral contract was within the statute of frauds and barred by the statute of limitations. The determinative question on the dismissal of count II is whether plaintiff's petition failed to state a claim upon which relief could be granted.

Plaintiff is an independent insurance agent with an office in Perry. From 1962 until 1973 he wrote life insurance policies for defendant. In 1973, however, defendant terminated this relationship because plaintiff refused to sign a written agency contract requiring him to write life insurance policies only for defendant.

In response to an inquiry from plaintiff's lawyer, defendant wrote a letter in 1973 promising to pay plaintiff renewal commissions on policies he had written for defendant, less a three percent service charge, for a period of five years from the employment termination date. Defendant made these payments in accordance with its promise. At the end of the period, in May 1978, the payments ceased. Plaintiff then initiated the present action.

I. *The summary judgment ruling.* In count I of his petition, plaintiff alleged that in 1962 he entered an oral contract with defendant, through its then president, having the following terms:

1. That the Plaintiff would perform this contract in the state of Iowa.

2. That the Plaintiff would solicit buyers and write applications for such prospective buyers for the Defendant's insurance policies.

3. That the Plaintiff would promote the sale of the Defendant's insurance policies.

4. That the duration of the contract should be continuous.

[5.] That this contract between the Plaintiff and the Defendant shall be oral.

[6.] That the Defendant would pay commissions to the Plaintiff for the above service promised and performed by the Plaintiff.

[7.] That the defendant would grant to the Plaintiff his own agency as an independent contractor.

[8.] That the Plaintiff would not be an employee of the Defendant.

[9.] That after ten (10) years of continuous contractual relationship between the Plaintiff and Defendant all commissions on renewals of the Defendant's insurance policies would be vested for life in the Plaintiff and the Plaintiff's spouse for their respective lives, and that the Defendant would pay to the Plaintiff and the Plaintiff's spouse for their respective lives, whoever survives, all renewal commissions on said insurance policies.

Plaintiff sought recovery of the three percent service charge which had been deducted for the five-year period, renewal commissions with interest from May 1978 to the date of judgment, and judgment ordering future renewal commissions to be paid in accordance with the terms of the alleged oral contract.

In its motion for summary judgment on count I, defendant alleged the bar of the statute of frauds, section 622.32(4), The Code, and the statute of limitations for unwritten contracts, section 614.1(4). Defendant also alleged that because plaintiff averred no contract allowed the deduction of the service charge plaintiff could not recover those amounts in a contract action.

No dispute exists that plaintiff offered substantial evidence in support of the allegations of count I of his petition by affidavit and deposition. The dispute is whether, nevertheless, the action in count I is barred on the grounds alleged.

A. *The statute of frauds.* Subject to exceptions, section 622.32(4) provides that no evidence is competent to prove a contract that is not to be performed within one year of its making "unless it be in writing and signed by the party to be charged or by his authorized agent. . . ." Plaintiff assumes the contract is subject to the statute but alleges it comes within one or more of the exceptions. Therefore we have no occasion to determine whether the contract is divisible and, if it is divisible, whether the portion involved in this case is a unilateral contract and thus outside the statute. *See* J. Calamari and J. Perillo, *Contracts* § 19–18 at 705 (2d ed. 1977).

Among the exceptions that plaintiff alleges are applicable in the present case is the doctrine of full performance by one party. This doctrine is expressed in *Restatement (Second) of Contracts*, section 130 (1981), as follows:

(1) Where any promise in a contract cannot be fully performed within a year from the time the contract is made, all promises in the contract are within the Statute of Frauds until one party to the contract completes his performance. (2) When one party to a contract has completed his performance, the one-year pro-

vision of the Statute does not prevent enforcement of the promises of other parties.

This court has recognized and applied the doctrine for a long time. *See, e.g., In re Estate of Beaver*, 206 N.W.2d 692, 699 (Iowa 1973); *Hatcher v. Sawyer*, 243 Iowa 858, 871, 52 N.W.2d 490, 497 (1952); *Halstead v. Rohret*, 212 Iowa 837, 842, 235 N.W. 293, 295 (1931); *Meredith v. Carl Youngstrom Co.*, 205 N.W. 749, 750–51 (Iowa 1925); *Saum v. Saum*, 49 Iowa 704 (1878). The court has also recognized that when one party partly performs, the party may enforce the contract to that extent. *See Murphy v. Dehaan*, 116 Iowa 61, 62, 89 N.W. 100, 100 (1902).

Defendant acknowledges that if plaintiff fully performed his obligation under the alleged oral contract, the contract would be taken out of the statute of frauds. It argues, however, that he did not fully perform. This argument is based on the fact that the renewal commissions would not be owed unless the policyholders paid their premiums.

■ The applicability of the doctrine of full performance by one party, however, is not conditioned upon performance by third parties. Defendant's argument is based on a New York rule establishing a standard for determining whether a contract is performable within one year. *See, e.g., Zupan v. Blumberg*, 2 N.Y.2d 547, 161 N.Y.S.2d 428, 141 N.E.2d 819 (1957). Defendant also relies on *Lighthart v. Lindstrom*, 24 Ill.App.3d 918, 322 N.E.2d 70 (1975), a case in which the New York rule was applied.

■ The New York and Illinois cases are distinguishable from this one in at least two respects. First, the full performance doctrine does not require the party's obligation to be performable within one year. *See Restatement (Second) of Contracts* § 130, comment d and illustration 14. Second, New York does not recognize the full performance doctrine. *See Montgomery v. Futuristic Foods, Inc.*, 66 A.D.2d 64, 411 N.Y. S.2d 371 (1978).

■ We adhere to our rule. The performance of policyholders in paying their premiums is a condition precedent to defendant's duty to pay renewal commissions. *McPherrin v. Sun Life Assurance Company*, 219 Iowa 159, 162, 257 N.W. 316, 317 (1934). That contingency does not, however, impose any additional obligation upon plaintiff. If his evidence is believed, he has fully performed.

■ Because we find a genuine issue of material fact on the applicability of this exception to the statute of frauds, we conclude the court erred in sustaining the motion for summary judgment on the statute of frauds ground.

B. *The statute of limitations.* The statute of limitations for unwritten contracts is five years. § 614.1(4). The trial court sustained the motion for summary judgment on the additional ground that this defense was established in the summary judgment proceeding. Defendant contended and the court agreed that the five-year period commenced with defendant's 1973 letter stating that renewal commissions would be paid for only five years. Because the suit was brought more than five years later, defendant argued it was barred by the statute.

■ Plaintiff asserts that the 1973 letter was merely an anticipatory breach of the contract and that the actual breach did not occur until defendant stopped paying the commissions at the end of the five-year period. We believe plaintiff is correct. Because defendant's letter was essentially a statement of intention to cease performance in five years, it was anticipatory in nature. *See Brown v. Farm Bureau Life Insurance Co.*, 259 Iowa 235, 243, 144 N.W.2d 110, 114 (1966).

■ When anticipatory breach occurs, the other party has "an immediate right of election either to continue to assert his strict contract rights or to accept the renunciation and sue upon that as a distinct cause of action." *Collier v. Rawson*, 202 Iowa 1159, 1161, 211 N.W. 704, 705 (1927). A renunciation authorizes but does not require the nondefaulting party to treat the con-

tract as broken. It "becomes a wrongful act only as, if, and when the promisee elects to treat it as such." *Id.; see Danico v. Ford*, 230 Iowa 1237, 300 N.W. 547 (1941).

If no action is brought on the anticipatory breach, the statute of limitations does not begin to run until the actual breach occurs. *Annon v. Lucas*, 155 W.Va. 368, 185 S.E.2d 343, 351 (1971).

Plaintiff elected to wait until defendant actually ceased performance in the present case. He commenced the action within one year of that date. Therefore the action was not barred by the five-year limitations period. The trial court erred in entering summary judgment on the statute of limitations ground.

C. *Deduction of service fees.* Defendant contends that the trial court correctly entered summary judgment on plaintiff's request for recovery of the three percent service fee deducted from the renewal commissions. Defendant's argument is that if plaintiff is right that the contract didn't authorize the deduction, then no recovery is possible because plaintiff "cannot recover for a breach of contract which simply didn't exist." The flaw in this argument, however, is that plaintiff does seek recovery on a contract which he alleges was breached by defendant's deductions. A genuine issue of material fact existed on this issue. Although the statute of limitations was not urged as a ground for summary judgment on this claim, we note that this alleged breach was not anticipatory.

We hold that the trial court erred in entering summary judgment for defendant on count I of the petition.

II. *The motion to dismiss.* In count II of the petition, plaintiff pled a claim for the renewal commissions on an unjust enrichment theory. He asserted:

That the cause of action in this division is based on the theory of "contract implied-in-law," also called a "constructive contract," also called a "quasi-contract," with the relief demanded on the basis of quantum meruit.

Defendant moved to dismiss this count on the ground no cause of action was stated.

The motion was based on this court's holding in *McPherrin v. Sun Life Assurance Company*, 219 Iowa 159, 257 N.W. 316 (1934). Defendant asserts *McPherrin* is authority for the rule that renewal commissions can be recovered only under express contracts. This, however, is a misreading of the case. It holds that when recovery of renewal premiums is sought on express contract, the express contract determines the rights of the parties. *Id.* at 161, 257 N.W. at 317. It also holds that a contractual right to particular renewal commissions does not vest until the premiums are paid. *Id.* These principles do not preclude a cause of action for renewal commissions that is not based on contract.

Count II invokes principles of restitution rather than contract:

"Restitution" and "unjust enrichment" are modern designations for the older doctrine of quasi contracts or contracts implied in law, sometimes called constructive contracts. The doctrine rests upon the equitable principle that one shall not be permitted to unjustly enrich himself at the expense of another or to receive property or benefits without making compensation therefor.

*Smith v. Stowell*, 256 Iowa 165, 173, 125 N.W.2d 795, 799–800 (1964); *see Restatement (Second) of Contracts* § 4 comment b.

We cannot say that no state of facts is conceivable under which plaintiff might prove a right to recover renewal commissions from defendant on a theory of unjust enrichment. *See Weber v. Madison*, 251 N.W.2d 523, 525 (Iowa 1977). Count II comes well within the standard in Iowa R.Civ.P. 69(a). *See Lamantia v. Sojka*, 298 N.W.2d 245, 247 (Iowa 1980) ("if the prima facie elements of the claim are stated, and this statement is fair notice to a defendant, the petition is sufficient"). Whether plaintiff has evidence to support his claim is a separate issue.

In the present case plaintiff stated a cause of action for unjust enrichment.

Therefore the trial court erred in dismissing count II of the petition.

We reverse and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.